■ VINCENT J. SORGIE, Appellant, v DONALD DALTON et al., Respondents. — In a negligence action to recover damages for personal injuries sustained in an automobile accident, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), entered March 1, 1982, as conditionally (a) vacated defendants' default in failing to appear, and (b) granting defendants' motion to vacate and set aside an inquest taken November 4, 1981, at the conclusion of which Trial Term awarded plaintiff damages in the amount of $35,000. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion denied. Under the particular facts of this case, it was an improvident exercise of discretion for Special Term to vacate defendants' default in failing to appear and to grant their motion to set aside the inquest taken against them. Defendants, who were served by affixing a copy of the summons with notice to the door of their home and mailing (CPLR 308, subd 4), have failed to establish that vacatur of their default is appropriate under either CPLR 317 or 5015. CPLR 317 affords the court discretionary power to open a default where it is demonstrated that a defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense", the burden of demonstrating such lack of knowledge being upon defendant (CPLR 317; *National Bank of Northern N. Y. v Grasso*, 79 AD2d 871; *Marine Midland Bank v Tooker*, 78 AD2d 755; see 1 Weinstein-Korn-Miller, NY Civ Prac, pars 317.07, 317.08). At bar, defendants failed to assert any facts which would establish that they did not receive the

summons with notice in time to appear. Indeed, their traverse of the service was unsuccessful so it is established fact that proper service was made. Therefore, to succeed in vacating their default, defendants must demonstrate, pursuant to CPLR 5015 (subd [a], par 1), that the default was excusable and that they have a meritorious defense (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.04; *Small v Applebaum,* 79 AD2d 572). Since defendants' approximately nine-month delay in appearing was not explained by any showing on the record of an excusable default, the relief sought should have been denied (see *Goldstein v Mazza,* 88 AD2d 987). Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.