Andonis **MORFESIS**, Petitioner,

v.

**DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF the CITY OF NEW YORK; George Vierno, Acting Commissioner, New York City Department of Correction; Harry Weisberg, Acting New York City Sheriff, Respondents.**

No. 90 CIV. 1181 (LBS).

United States District Court, S.D. New York.

March 29, 1990.

Lipsitz, Green, Fahringer, Roll, Schuler & James, New York City, for petitioner; Herald Price Fahringer and Diarmuid White, of counsel.

Victor A. Kovner, Corp. Counsel of City of New York, New York City, for respondents; Janessa C. Nisley and Jane L. Gordon, of counsel.

## OPINION

SAND, District Judge.

This reinstated petition[1] for a writ of habeas corpus squarely presents one question: does the Due Process Clause of the Fourteenth Amendment to the United States Constitution require personal delivery of process to an alleged criminal con-

---

1. In a Memorandum Order dated February 23, 1990, this Court dismissed the original petition for a writ of habeas corpus because petitioner had not received a final sentence in state court. On March 6, 1990, the New York court imposed a final sentence, and the petition was reinstated by this Court on March 13, 1990.

temnor? Andonis Morfesis was charged with violation of seven separate orders of a New York Civil Court Housing judge to provide heat and hot water to seven buildings in the Bronx. The Department of Housing Preservation and Development of the City of New York ("HPD") served motions for criminal contempt on Morfesis pursuant to the leave and mail provisions of section 308(2) of New York Civil Practice Law and Rules ("CPLR") and section 110(m) of the New York City Civil Court Act ("NYCCA"). The service was mailed to and left at the address given to HPD pursuant to Article 41 of the Housing Maintenance Code, which requires registration by the person responsible for the maintenance of a multiple dwelling. Petitioner did not appear personally at any stage of the contempt proceedings, but an attorney did appear on behalf of the collective respondents, which included corporate entities. Petitioner claims that prior to his sentencing hearing, "there was no indication that the attorney was expressly or implicitly authorized to appear on behalf of Petitioner personally." Petitioner's Memorandum of Law at 2. The New York court found petitioner guilty of criminal contempt and sentenced him to an aggregate term of 150 days on the seven charges.

Petitioner argues that the Due Process Clause requires personal service of process to commence criminal contempt proceedings. The New York Supreme Court, Appellate Term, First Department, rejected petitioner's claim in a published opinion:

Personal delivery of process, as a heightened form of notice, is of course always preferable, but due process does not require it in special proceedings such as this one so long as the party charged is notified of the accusation and is afforded a reasonable time to defend.

*Department of Hous. Preservation and Dev. v. 24 West 132 Equities, Inc.,* 137 Misc.2d 459, 524 N.Y.S.2d 324, 326–27 (App. Term 1st Dept.1987). The Appellate Division affirmed without opinion, *Department of Hous. Preservation and Dev. v. 24 West 132 Equities, Inc.,* 150 A.D.2d 181, 540 N.Y.S.2d 711 (App.Div.1st Dept.1989), and the New York Court of Appeals denied

leave to appeal, *Department of Hous. Preservation and Dev. v. 24 West 132 Equities, Inc.,* 74 N.Y.2d 841, 546 N.Y.S.2d 558, 545 N.E.2d 872 (1989).

The United States Supreme Court has frequently discussed the procedural protections afforded in criminal contempt proceedings. Recently, the Supreme Court summarized its holdings as follows:

[T]his Court has found that defendants in criminal contempt proceedings must be presumed innocent, proved guilty beyond a reasonable doubt, and accorded the right to refuse to testify against themselves; must be advised of charges, have a reasonable opportunity to respond to them, and be permitted the assistance of counsel and the right to call witnesses; must be given a public trial before an unbiased judge; and must be afforded a jury trial for serious contempts.

*Young v. United States ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 798–99, 107 S.Ct. 2124, 2132–33, 95 L.Ed.2d 740 (1987) (citations omitted). While several Supreme Court decisions discuss the issue of notice, none directly address the need for personal service of process. When the acts in contempt are not committed in open court, "[d]ue process of law ... requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation." *Cooke v. United States,* 267 U.S. 517, 537, 45 S.Ct. 390, 395, 69 L.Ed. 767 (1925); *see also* Fed.R.Crim.P. 42(b) (criminal contempt not committed in open court prosecuted "on notice," either orally to the alleged contemnor or by "an order to show cause or an order of arrest"). Even when the judge has first hand knowledge of the contemptuous behavior, the contemnor "should have reasonable notice of the specific charges and opportunity to be heard in his own behalf." *Taylor v. Hayes,* 418 U.S. 488, 499, 94 S.Ct. 2697, 2703, 41 L.Ed.2d 897 (1974); *see also Groppi v. Leslie,* 404 U.S. 496, 502, 92 S.Ct. 582, 586, 30 L.Ed.2d 632 (1972); *In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948). One who is charged with criminal contempt is "not only entitled to be informed of the

nature of the charge against him, but to know that it is a charge and not a suit." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 446, 31 S.Ct. 492, 500, 55 L.Ed. 797 (1911).

The Supreme Court has also recognized "that certain specific constitutional protections, such as the right to a trial by jury, are not applicable to those criminal contempts that can be classified as petty offenses ..." *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 632 n. 5, 108 S.Ct. 1423, 1430 n. 5, 99 L.Ed.2d 721 (1988) (quoting *Bloom v. Illinois*, 391 U.S. 194, 208–210, 88 S.Ct. 1477, 1485–86, 20 L.Ed.2d 522 (1968)). "[C]ontempt of court is a petty offense when the penalty actually imposed does not exceed six months or a longer penalty has not been expressly authorized by statute." *Taylor v. Hayes*, 418 U.S. at 495, 94 S.Ct. at 2701 (citing cases). New York's criminal contempt statute provides for a maximum jail term of 30 days. Jud.Law § 751(1). Morfesis' aggregate sentence on the seven separate charges is less than six months, and no single sentence exceeds 25 days. Clearly, Morfesis has been adjudged guilty of petty offenses.

The petitioner cites cases in which the Second Circuit has held that the Sixth Amendment right to be present and Rule 43(a) of the Federal Rules of Criminal Procedure require that a defendant must be arraigned in open court before subsequent proceedings may proceed in the defendant's absence. *See U.S. v. Reiter*, 897 F.2d 639 (2nd Cir.1990); *United States v. Tortora*, 464 F.2d 1202 (2nd Cir.1972), *cert. denied*, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972). While the issue of personal service and the right to be present are closely related, the Supreme Court has held that procedural safeguards for criminal contempts are not derived from the explicit requirements of the Sixth Amendment, but instead from the Due Process Clause. *Levine v. United States*, 362 U.S. 610, 616, 80 S.Ct. 1038, 1042, 4 L.Ed.2d 989 (1960); *see also Sassower v. Sheriff of Westchester County*, 824 F.2d 184, 188–89 (2nd Cir. 1987) (collecting cases).

The Appellate Term held that "the separate proceeding to punish for a criminal contempt has been traditionally viewed in New York as a *civil* special proceeding," *Department of Hous.*, 524 N.Y.S.2d at 326 (emphasis in original) (citation omitted), and that the application of New York's civil procedure rules did not violate the United States Constitution. We agree. The Due Process Clause requires only that a criminal contemnor have notice of the charges and an opportunity to defend. *See Sassower*, 824 F.2d at 188 (finding section 751 constitutional on its face). We believe that leave and mail service provides such reasonable notice. While personal service guarantees actual notice, we understand the New York court's concern that "it is frequently the case that those who have flagrantly violated the court's orders are not disposed to make themselves readily available for personal delivery of notice that they are to be prosecuted for contempt of those orders." *Id.*, 524 N.Y.S.2d at 327. New York has made a policy decision that leave and mail service in such cases is preferable to the issuance of an arrest warrant. We do not believe that the United States Constitution precludes that decision.

We also note that CPLR § 317 provides relief for defendants who do not receive actual notice despite leave and mail service. The burden is on the defendant to prove that he did not personally receive service and did have a meritorious defense. *See Sorgie v. Dalton*, 90 A.D.2d 790, 455 N.Y. S.2d 397 (App.Div.2d Dept.1982), *appeal dismissed*, 58 N.Y.2d 968, 460 N.Y.S.2d 534, 447 N.E.2d 83 (1983). Petitioner here does not allege in his habeas petition that he did not receive actual notice of the contempt charges, but instead claims that "nowhere in the record, prior to the sentencing hearing, is there any indication that Petitioner had 'actual notice' of the contempt proceedings." Petitioner's Memorandum of Law at 12. Absent a specific claim by petitioner that he did not receive actual notice, it is not necessary for this Court to decide in connection with this petition whether or not the petitioner received actual notice of the contempt charges.

We hold that in prosecutions for petty criminal contempt, where the petitioner has not alleged lack of actual notice, leave and mail service pursuant to New York civil procedure rules does not violate the Due Process Clause of the United States Constitution. The petition for a writ of habeas corpus is denied. The Court finds probable cause for appeal.

SO ORDERED.