OPINION OF THE COURT
Memorandum.
Order affirmed without costs and without prejudice to appellant renewing said motion in the court below upon proper papers if he be so advised.
Petitioner commenced an "HP” proceeding against the respondent-appellant seeking the correction of various violations in a building that he owned. While that proceeding was pending, another "HP” proceeding was commenced, this one bearing index number HP 312/91. Respondent-appellant entered into a consent order dated September 5, 1991, in which he agreed to provide heat and hot water to the building in question. When tenants in the building complained that there was no heat and hot water, petitioner sought to hold the respondent in contempt. A notice was properly served on the attorney for the respondent and said attorney informed the court that he would not "participate” any longer in the proceedings and would advise his client to do likewise because of the involvement of the Appellate Term in the related HP proceeding. It was the opinion of respondent’s former counsel that a stay in the other proceeding, issued by the Appellate Term, operated to stay this proceeding as well. When respondent was released from incarceration in the related proceeding, he left for Guyana to be with his ailing father and was not in the country on February 26th, the return date for this contempt hearing. An inquest was held on that date and appellant was found to be in criminal contempt. Fines and penalties were imposed, along with a 30-day period of incarceration.
It is the opinion of this court that the reasons given by the appellant for the vacatur of the default were only facially sufficient. While counsel for the appellant offered to provide supporting documentation to the court below, said offer was not accepted by the court. We therefore affirm the order *158 appealed from, noting that while the papers were not sufficient to justify the granting of the relief sought, appellant should be afforded the opportunity to renew his motion upon proper papers.
The second issue raised by the appellant is that he could not be tried in absentia for the criminal contempt. He argues that the rules established in People v Parker (57 NY2d 136) should apply to this contempt proceeding.
The issue of classifying a contempt proceeding within the context of an "HP” special proceeding in landlord-tenant context has been conclusively determined. This proceeding is a "civil special proceeding” (Matter of Douglas v Adel, 269 NY 144, 146; Department of Hous. Preservation & Dev. v 24 W. 132 Equities, 137 Misc 2d 459, affd 150 AD2d 181, appeal dismissed 74 NY2d 841). These proceedings are held to be "quasi-criminal” in nature and while certain attributes of a criminal case are attached to contempt proceedings under the Judiciary Law (right to counsel, jury trial based on amount of the fine, and burden of proof required for finding of contempt), no reported case has required the warnings of People v Parker (supra) in a contempt proceeding, regardless of whether it was for civil or criminal contempt. This court refuses to impose the requirement of Parker in a situation where, more often than not, the landlords are difficult to locate and where securing their attendance in court is even more difficult. The failure of a landlord to appear at contempt hearings should be at the risk of the landlord with no requirement on the part of the petitioner to secure attendance other than the giving of proper notice (Morfesis v Department of Hous. Preservation & Dev., 733 F Supp 745, 747; cf., Sassower v Finnerty, 96 AD2d 585, 586).
Kassoff, P. J., Scholnick and Patterson, JJ., concur.