OPINION OF THE COURT
Per Curiam.
Order dated December 17, 1993 reversed, with $10 costs, and plaintiffs motion for summary judgment is granted in the principal amount of $5,056.27, with interest from October 20, 1978.
Defendant’s student loan obligation was not discharged in the 1978 bankruptcy adjudication (11 USC § 523 [a] [8]). Plaintiffs claim, time barred in 1984, was revived on April 9, 1991, when Congress amended 20 USC § 1091a to preempt State limitations statutes for certain suits on guaranteed student loans (20 USC § 1091a [a] [1]). The legislation effectively revived some actions that were previously extinct (State of New York Higher Educ. Servs. Corp. v Starr, 179 AD2d 992; see, United States v Davis, 817 F Supp 926). This action was timely commenced in March 1992, within the "window” opened by the amendment to section 1091a. An action at law on a promissory note, commenced by a State agency in the public interest, is not vulnerable to a loches defense, nor to allegations of "equitable estoppel.” (State of New York v Rockland County, 74 AD2d 921; Kahn v New York Times Co., 122 AD2d 655, 663; Columbus Trust Co. v Campolo, 110 AD2d 616.) Moreover, the recognition of such defenses would defeat the Federal purpose of extending the period for suit on defaulted student loans.
Plaintiff set forth a prima facie case entitling it to judgment on the promissory note, which defendant failed to oppose with sufficient evidence (Unisource, Inc. v Wolfe, 169 AD2d 567). Plaintiff is entitled to interest from the date the cause of action accrued (CPLR 5001), in this case October 20, *331 1978. The intent of the statute authorizing prejudgment interest is to indemnify successful plaintiffs " 'for the nonpayment of what is due to them’ ” (Love v State of New York, 78 NY2d 540, 544).
Ostrau, P. J., Miller and McCooe, JJ., concur.