OPINION OF THE COURT
Joseph Harris, J.
This case poses the following conundrum. It is well settled that a defendant moving to vacate a default judgment, under CPLR 317, bears the burden of establishing, both, that the defendant did not personally receive notice of the pending lawsuit in time to defend and that the defendant has a meritorious defense (see, CPLR 317; see also, Winters v Albany Executive House Apts., 102 AD2d 985; Sorgie v Dalton, 90 AD2d 790, appeal dismissed 58 NY2d 968, rearg denied 59 NY2d 762). However, where the motion to vacate is based on a failure of *284 service, leading to a lack of personal jurisdiction, the issue of a meritorious defense is not material — the default will be unconditionally vacated in the absence of jurisdiction (see, DeMartino v Rivera, 148 AD2d 568; Shaw v Shaw, 97 AD2d 403, 404; McMullen v Arnone, 79 AD2d 496).
Plaintiff is the State agency charged under State and Federal law with the administration and collection of student loan debt in this State. Pursuant to that duty, plaintiff commenced a lawsuit, in January 1993, to recover money from defendant, who had defaulted on her student loans. According to the affidavit of service provided in defendant’s exhibits, the summons and complaint were served via "nail and mail” service at defendant’s last known address, 19 Baylor Drive, Farmingville, New York 11738. When defendant failed to answer the complaint, a default judgment in the amount of $5,752.95 was entered against her on March 16, 1993 in the Albany County Clerk’s office. In early 1997, defendant applied for a home mortgage and was advised by the broker that a judgment had been entered against her.
Defendant now contends that she never had notice of the default or complaint because, at the time of service, she did not reside at the 19 Baylor Drive address and had not resided there since 1990. Defendant also contends that, after several moves in the early 1990’s, she settled at 73 Marshall Drive, Selden, New York, in 1992, and still resides there today.
The question before this court is: Was the service of the summons and complaint via "nail and mail” valid to confer personal jurisdiction on defendant? If the service was valid, then the default will not be vacated even though defendant may not have had notice of the lawsuit or resulting default judgment, and was never in a position to submit a meritorious defense (see, CPLR 317; see also, Winters v Albany Executive House Apts., supra; Sorgie v Dalton, supra).[1]
Conversely, if service was invalid at the outset, then the default must be unconditionally vacated and the matter dismissed (see, Shaw v Shaw, supra) because of a lack of personal service required by CPLR 308 (4).
Defendant avers that she did not reside at 19 Baylor Drive in December 1992 and January 1993. Because that address was not her "actual * * * dwelling place or usual place of abode *285 within the state” (CPLR 308 [4]), service via "nail and mail”, pursuant to CPLR 308 (4), would, ordinarily, be improper. Here, however, defendant was under legal and contractual duties to keep her lender and/or NYSHESC informed of her address at all times until her debt was satisfied (see, 20 USC § 1077 [a] [1] [B]; 34 CFR 682.401 [b] [5] [iv] [A]; see also, 8 NYCRR former 2104.5). Defendant failed to fulfill her duty to maintain a current mailing address with NYSHESC and, in failing to do so, waived the jurisdictional defense of lack of service[2] or is estopped from doing so. In light of such waiver, the service was proper and the default will not be vacated.
For the foregoing reasons, defendant’s motion to vacate the default is denied.

. The court notes the loosened restrictions surrounding actions for recovery of educational debt (see, e.g., 20 USC § 1091a; New York State Higher Educ. Servs. Corp. v Laudenslager, 161 Misc 2d 329).

. While such result may seem to conflict with the CPLR, to hold otherwise would state a policy permitting debtors to foil service of process by refusing to comply with their duty to inform NYSHESC of their address. There would, in effect, be no penalty on debtors for failing to keep NYSHESC apprised of their current address.