■ Lennard Burnett et al., Respondents, v Leonora L. Renne et al., Defendants, and Oswald Jeffers, Appellant. [819 NYS2d 476]—

In an action to recover damages for personal injuries, etc., the defendant Oswald Jeffers appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated March 18, 2005, as, in effect, confirmed a Judicial Hearing Officer's report (Marano, J.H.O.) dated December 17, 2004, and denied that branch of his motion which was to vacate a judgment entered upon his default in appearing.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant, inter alia, moved to vacate the default judgment, asserting that he was not properly served with process. The Supreme Court referred the issue to a Judicial Hearing Officer (hereinafter the JHO) to hear and report. After the hearing, the JHO issued a report finding that service of process was proper. Based on the JHO's report, the Supreme Court determined that the appellant did not demonstrate a reasonable excuse for the default and a meritorious defense to the action, and denied his motion to vacate the default judgment.

The appellant failed to establish that he is entitled to reversal of the order appealed from on the ground that the court lacked jurisdiction over him. By failing to include in the record on appeal a transcript of the hearing held before the JHO, the appellant deprived this Court of the ability to review his claim that service of process was improper (*see de Vries v Metropolitan Tr. Auth.*, 11 AD3d 312 [2004]). Moreover, the appellant's reliance upon CPLR 317 as a basis to vacate the default judgment is misplaced because he failed to establish that he did not receive the summons and complaint in time to defend the action (*see Sorgie v Dalton*, 90 AD2d 790 [1982]). Therefore, to obtain relief from the default judgment, the appellant was required to establish the existence of both a reasonable excuse for the default and a meritorious defense to the action pursuant to CPLR 5015 (a) (1) (*see Sorgie v Dalton, supra*).

Since the appellant failed to establish a reasonable excuse for the default, we affirm the denial of his motion to vacate the default judgment without reaching the issue of whether he has a meritorious defense to the action (*see Matter of Travelers Prop. Cas. Corp. v Bocharova*, 2 AD3d 533 [2003]). Ritter, J.P., Luciano, Fisher and Lifson, JJ., concur.