SECOND DEPARTMENT, AUGUST, 2007

(August 7, 2007)

■ CLE ASSOCIATES, INC., Appellant, v ADAM D. GREENE et al., Respondents. [840 NYS2d 436]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Rosenberg, J.), dated December 9, 2005, which directed a judicial hearing to determine whether service of process was properly effectuated, to aid in the disposition of the defendants' motion to vacate a judgment entered March 31, 2005 upon their default in answering, and (2), as limited by its brief, from so much of an order of the same court (Kurtz, J.), dated April 6, 2006, as granted the defendants' motion, in effect, for leave to renew their motion to vacate and, upon renewal, to modify the order dated December 9, 2005, to allow at the hearing evidence of a meritorious defense.

Ordered that the appeal from the order dated December 9, 2005 is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated April 6, 2006 is reversed insofar as appealed from, on the law, without costs or disbursements, the defendants' motion, in effect, for leave to renew is denied, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of the validity of the service of process in accordance with the order dated December 9, 2005 and a new determination thereafter of the defendants' motion to vacate.

This action arises out of a dispute involving certain home improvements that the plaintiff was hired to perform for the defendants. According to the plaintiff, service of process was effected upon the defendants' doorman as a person of suitable age and discretion followed by the requisite mailing and the filing of an affidavit of service, as permitted by CPLR 308 (2). The plaintiff also evidenced by affidavit a follow-up notice of the suit to the defendants pursuant to CPLR 3215 (g). Because no answer was served by the defendants, the plaintiff sought and obtained a default judgment dated May 31, 2005, in the total sum of $33,876.61.

The defendants moved to vacate the default judgment pursuant to CPLR 5015 (a) (5), on the sole ground that they never received process or other notice of the suit until after the judgment was issued and a bank account of the defendants was frozen. By order dated December 9, 2005, the court directed a

judicial hearing to determine whether service of process was effected.

Prior to the hearing, the defendants submitted a motion, in effect, for leave to renew the motion to vacate, seeking to include at the hearing arguments under CPLR 5015 (a) (1) that there was a reasonable excuse for their failure to appear in the action, namely that they were not served with process, and a meritorious defense under CPLR 5015 (a) and 317. The defendants' supporting papers detailed, for the first time, the claimed merits of their defense. In discussing a reasonable excuse for failing to appear, the defendants merely repeated their claim, as they had in their earlier motion, that they had not received process. By order dated April 6, 2006, the Supreme Court found, inter alia, both the existence of a meritorious defense and a reasonable excuse for failing to appear, presumably pursuant to CPLR 5015 (a) (1). The record does not reflect that any hearing to determine if process had been properly served was ever held.

The order dated December 9, 2005, which directed a judicial hearing to aid in the disposition of the defendants' motion to vacate the default, is not appealable as a matter of right (*see* CPLR 5701 [a] [2] [v]; *1074372 Ontario, Inc. v 200 Corbin Owners Corp.*, 13 AD3d 502 [2004]; *Dudley v Ford Credit Titling Trust*, 307 AD2d 911 [2003]), and we decline to grant leave to appeal.

As to the order dated April 6, 2006, the reasonable excuse proffered by the defendants was identical to the excuse underlying their jurisdictional defense which warranted a hearing, namely, the plaintiff's alleged failure to serve process. The Supreme Court, in finding that the defendants established a reasonable excuse for their failure to appear grounded solely on the alleged absence of service of process, in essence resolved the jurisdictional issue in the defendants' favor without benefit of the hearing that had been previously ordered, and despite the presumptive service of process evidenced by the prior affidavit of the plaintiff's process server (*see Koyenov v Twin-D Transp., Inc.*, 33 AD3d 967 [2006]; *General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447 [2005]). This was error.

Likewise, under CPLR 317, the defendants failed to establish in their second motion that they did not receive the plaintiff's summons with notice in time to defend the action (*see Burnett v Renne*, 32 AD3d 449 [2006]; *Sorgie v Dalton*, 90 AD2d 790, 791 [1982]). Accordingly, we remit the matter to the Supreme Court for a hearing, as ordered on December 9, 2005, to resolve the parties' jurisdictional issues.

The plaintiff's remaining contentions either are unpreserved

for appellate review, have been rendered academic, or are not properly before us. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.