OPINION OF THE COURT
Irad S. Ingraham, J.
Plaintiff suffered personal injury on January 9, 1990, and *291 commenced this action thereafter seeking to recover damages based upon the alleged fault of defendant. Defendant now moves for judgment of dismissal on the grounds that the action was not properly commenced and there is no personal jurisdiction. Counsel appeared for oral argument before this court on November 19, 1993.
This matter poses questions of first impression, as the attempted commencement occurred during the transition from the practice of commencement by service to the practice of commencement by filing, and the Statute of Limitations has apparently expired.
FACTUAL BACKGROUND
The underlying facts are essentially undisputed:
(1) Plaintiff was injured on January 9, 1990.
(2) The summons and complaint alleging the injury and defendant’s negligence were personally served on defendant on December 28, 1992. No index number appeared on the papers.
(3) The summons and complaint were filed in the office of the Chenango County Clerk on January 6, 1993, and index number 93 x 5 assigned to the action on that date.
(4) Affidavit of the December 28, 1992 personal service was filed in the Chenango County Clerk’s office on January 20, 1993.
(5) On September 20, 1993, defendant moved for dismissal based upon the failure of plaintiff to comply with chapter 216 of the Laws of 1992, specifically to pay the required fee by December 31, 1992.
LEGAL CONCLUSIONS
By chapter 216 of the Laws of 1992, the New York State Legislature amended the CPLR to require the commencement of a civil action in the Supreme and County Courts by filing, rather than service. The stated purpose of the bill was to bring New York law "more in line with federal practice” and with the procedures adopted in a majority of States; unstated but self-evident was the fee-generation potential. (Senate Mem in Support of L 1992, ch 216, Bill Jacket; see, Siegel’s Practice Review, Apr. 1993, at 3.)
The act provided a "transitional period”, during which service might be accomplished pursuant to either the existing or newly adopted rules, as follows:
*292 "This act shall take effect on July 1, 1992 and shall apply to actions commenced on or after such date, except that:
"(a) Until January 1, 1993, an action shall be deemed to be validly commenced and a claim contained in a complaint shall be deemed to be interposed against the defendant or co-defendant united in interest if such action is commenced * * * in accordance with the law including section 306-a of the civil practice law and rules as added by chapter 166 of the laws of 1991 in effect immediately prior to the enactment of this act; and
"(b) Every action * * * commenced on or after July 1, 1992, wherein the fee required has not been paid by December 31, 1992, shall be deemed dismissed without prejudice.” (L 1992, ch 216, § 27 [emphasis added].)
The evolution of CPLR 306-a demonstrates legislative trial and error in drafting a transition from personal service to filing and personal service. The 1991 enactment (L 1991, ch 166), referred to in section 27 above, required a filing within 30 days after service was complete. Flexibility was provided for those who delayed or were unused to the new requirement in the form of nunc pro tunc orders in the case of late filings. Subsequently, however, section 306-a was amended to require that the summons bear an index number and the nunc pro tunc orders were eliminated. (L 1992, ch 55, § 394.)
Although section 27 refers to section 306-a "in effect immediately prior to the enactment of this act,” it appears that the reference is to the 1991 section 306-a and not to the more stringent requirements of the brief 1992 enactment. Consequently, parties may rely upon the flexibility built into the 1991 statute as an alternative to filing where the action is commenced prior to December 31, 1992. The payment of the necessary fee by that date, however, is imposed as an additional requirement under the transition statute. Applying the requirements to the instant case, it is apparent that the action was commenced by personal service on December 28, 1992. Plaintiff submits uncontroverted evidence of a mailing of the fee on that date, well within the December 31, 1992 statutory cutoff. In this summary judgment application the movant bears the burden of establishing as a matter of law entitlement to judgment dismissing the complaint. (Zuckerman v City of New York, 49 NY2d 557 [1980].) The defendant relies upon a presumption that the time of issuance of the index number fixes the moment of the payment of the fee. The *293 documentary evidence is submitted entirely by plaintiff and supports the contention that in the ordinary course of events the fee would have arrived in the County Clerk’s office by the cut-off date. There is no suggestion of impropriety such as supported the change of decision of Justice Relihan in the case submitted. (New York Cent. Mut. Ins. Co. v Heat-A-Lator, Inc., Sup Ct, Tompkins County, Dec. 2, 1993, index No. 93-85.) Rather the documents disclose a good-faith effort by the plaintiff to comply with the 1991 legislation. It is noted that while all of the facts were apparent in January of 1993, this application was made more than 240 days thereafter, and, by becoming ensnared in the transitional statute, plaintiff faces ultimate Statute of Limitations problems. As noted, the Legislature intended flexibility in the section 306-a provisions incorporated in section 27. A holding as a matter of law under the circumstances presented here that the fee payment was untimely would be to subvert that legislative intent.
Appellate review of the New York City filing system, in effect since 1976, relies upon posting time rather than date of receipt. (Dowling v Hillcrest Gen. Hosp., 89 AD2d 435, 437 [1st Dept 1982]; see also, CPLR 2103 [b] [2].) From the evidence submitted, the defendant has failed to establish as a matter of law that the fee was paid after the December 31, 1992 deadline. Indeed, to obviate any further factual issues and in the discretion afforded under the 1991 section 306-a, this court concludes as a matter of law that the action was properly commenced by personal service and payment of fee prior to December 31, 1992.
The motion for summary judgment is denied with costs.