■ In the Matter of DAVID BARSALOW et al., Respondents, v CITY OF TROY et al., Appellants. (Proceeding No. 1.) In the Matter of DAVID BARSALOW et al., Respondents, v CITY OF TROY et al., Appellants. (Proceeding No. 2.) [617 NYS2d 594] — Cardona, P. J. Appeals (1) from a judgment of the Supreme Court (Spain, J.), entered September 22, 1992 in Rensselaer County, which, in a combined proceeding (No. 1) pursuant to CPLR article 78 and action for a declaratory judgment, granted respondents' motions to dismiss the petition/complaint for failure to file proofs of service in a timely manner, and (2) from an order of the Supreme Court (Travers, J.), entered May 10, 1993 in Rensselaer County, which, in a combined proceeding (No. 2) pursuant to CPLR article 78 and action for declaratory judgment, denied respondents' motions to dismiss the petition/complaint as time barred.

In these combined CPLR article 78 proceedings and actions

for declaratory judgment, petitioners, three resident-property owners in the City of Troy, Rensselaer County, challenge a financing arrangement entered into by respondents. The sole issue for determination is whether these proceedings are time barred.

On July 31, 1992, four months to the day after the accrual of their claim, petitioners commenced proceeding No. 1 by the filing of a summons, notice of petition and verified complaint/ petition. Although all respondents were served within 15 days thereafter, petitioners did not file proofs of service until August 19, 1992, 19 days after July 31, 1992. Respondents moved to dismiss proceeding No. 1 based upon petitioners' failure to timely file proofs of service within 15 days as required by CPLR 306-b (a). Supreme Court (Spain, J.) granted the motions, holding that the four-month Statute of Limitations of CPLR 217 was applicable; that petitioners' failure to file proofs of service within the statutory time, i.e., August 15, 1992, was a fatal jurisdictional defect, and that the proceeding was deemed dismissed as of that date. The judgment reflecting that dismissal was signed and entered September 22, 1992.

Petitioners recommenced their proceeding (proceeding No. 2) by filing on September 23, 1992. Respondents moved to dismiss on the ground that it was not commenced within 15 days of the dismissal of proceeding No. 1 and was therefore untimely (see, CPLR 306-b [b]). Supreme Court (Travers, J.) denied the motions, finding that the date of dismissal of proceeding No. 1 was September 22, 1992. Respondents appeal from the denial of their motions to dismiss proceeding No. 2 and from the judgment granting their motions to dismiss No. 1.

Initially, we hold that the four-month Statute of Limitations of CPLR 217 is applicable. Respondents' actions, in executing the various documents approving the financing arrangement, did not entail the enactment of local law so as to constitute "legislative" action, and, therefore, review can properly be sought in a CPLR article 78 proceeding (see, Press v County of Monroe, 50 NY2d 695, 703-704; cf., New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 199).

Based upon the applicable four-month Statute of Limitations, petitioners' proofs of service must have been filed not later than 15 days after the date on which the Statute of Limitations expired (see, CPLR 306-b [a]). As already noted, petitioners did not file within the 15-day period. CPLR 306-b (a) further provides that "[i]f proof of service is not filed and there has been no appearance by the defendant within the

time provided in this section for filing proof of service, the action [or proceeding] *shall be deemed dismissed* as to the non-appearing party with respect to whom no proof of service has been filed, without prejudice and without costs" (emphasis supplied). Petitioners' failure to file proofs of service within 15 days of July 31, 1992 was a jurisdictional defect which resulted in the automatic dismissal of proceeding No. 1 *(see,* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C306-b:1 [1994 Pocket Part], at 58; *see also,* Siegel, NY Prac § 553 [1993 Pocket Part], at 60, 61 [2d ed]).

Since no action by Supreme Court was necessary to effectuate the dismissal, the order of September 22, 1992 was superfluous. Accordingly, we conclude that the appeal by respondents from the order of September 22, 1992 should be dismissed as academic. In addition, petitioners have moved to dismiss respondents' appeal from the order of September 22, 1992 as untimely taken. In view of this Court's determination that the appeal should be dismissed as academic, we conclude that the motion should be denied as unnecessary. Supreme Court's subsequent reliance upon the September 22, 1992 order as the dismissal date for proceeding No. 1 was, therefore, misplaced. The date of dismissal by operation of CPLR 306-b (a) was August 17, 1992.* Because petitioners failed to commence proceeding No. 2 within 15 days of the dismissal of proceeding No. 1, as provided by CPLR 306-b (b), that proceeding was also untimely and should have been dismissed.

White, Casey and Peters, JJ., concur. Ordered that the appeal from order entered September 22, 1992 is dismissed, as academic, without costs. Motion to dismiss appeal from order entered September 22, 1992 is denied, without costs, as unnecessary. Ordered that the order entered May 10, 1993 is reversed, on the law, without costs, motions granted and petition/complaint dismissed.

---

* The 15-day period expired on August 15, 1992 which was a Saturday. Consequently, the last date to file proofs of service was extended to Monday, August 17, 1992, an oversight which does not alter our decision.