■ MICHAEL BLOODGOOD et al., Respondents, v WILLIAM D. PARADIS, Doing Business as BUDGET FENCE OF AMERICA, Appellant. [627 NYS2d 835] —Mikoll, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered February 1, 1994 in Chenango County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs allegedly sustained personal injury and damages on January 9, 1990 as a result of defendant's negligence. On December 28, 1992, plaintiffs caused a summons and complaint to be personally served on defendant. There was no index number listed on the complaint. However, plaintiffs presented proof that on December 28, 1992, they had also caused to be mailed to the Chenango County Clerk's office an application for an index number together with a $170 check in payment of the filing fee in this action. The County Clerk's office indicated that the date of filing of the summons and complaint and of receipt of the fee for the index number was January 6, 1993.

Defendant served an answer asserting, *inter alia*, the defenses of lack of jurisdiction and expiration of the Statute of Limitations barring this action. Thereafter, defendant moved to dismiss the action as barred by the Statute of Limitations and because an index number was not purchased on or before December 31, 1992, deeming the action dismissed pursuant to

the Laws of 1992 (ch 216, § 27, eff July 1, 1992). Plaintiffs responded that the $170 filing fee was timely filed before the December 31, 1992 deadline by mailing it to the Chenango County Clerk on December 28, 1992.

Supreme Court, in denying the motion to dismiss, found (1) that the mailing of the $170 filing fee on December 28, 1992 to the Chenango County Clerk's office constituted delivery of the fee to the County Clerk pursuant to the statute under New York law, (2) that it was defendant's burden to show that the filing fee was not paid on or before December 31, 1992, and defendant had not met that burden, and (3) that the action was properly commenced by personal service and payment of the fee prior to December 31, 1992. Defendant appeals.

Plaintiffs' argument, that the instant action was properly commenced by mailing the application for an index number with the filing fee on December 28, 1992 at a time when it was reasonably calculated to be delivered to the Chenango County Clerk's office on or before December 31, 1992, is meritorious (see, CPLR 2103 [b] [2]; Engel v Lichterman, 62 NY2d 943; Glendora v Gallicano, 206 AD2d 456; Dowling v Hillcrest Gen. Hosp., 89 AD2d 435; see also, CPLR 203 [b] [5]).

In 1992, the Legislature changed the provisions of the CPLR to require the commencement of civil actions by filing, rather than service. The Laws of 1992 (ch 216, § 27) provided for a "transitional period" during which service could be accomplished according to the existing or newly adopted provisions:

"This act shall take effect on July 1, 1992 and shall apply to actions commenced on or after such date, except that:

"(a) Until January 1, 1993, an action shall be deemed to be validly commenced and a claim contained in a complaint shall be deemed to be interposed against the defendant * * * if such action is commenced in accordance with the law including section 306-a of the civil practice law and rules as added by chapter 166 of the laws of 1991 in effect immediately prior to the enactment of this act; and

"(b) Every action * * * commenced on or after July 1, 1992, wherein the fee required has not been paid by December 31, 1992, shall be deemed dismissed without prejudice."

There was sufficient evidence to permit Supreme Court to find that personal service of the summons on December 28, 1992 commenced this action and that in the face of plaintiffs' proof of mailing the filing fee on December 28, 1992, defendant failed to meet its burden of establishing as a matter of law

that the fee was paid after the December 31, 1992 deadline (*see, e.g., Jenny Oil Corp. v Petro Prods. Distribs.*, 121 AD2d 687).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs. [*See,* 160 Misc 2d 290.]