■ EMADELIN MOHAMMED, Appellant, v AHMED ELASSAL, Respondent. [640 NYS2d 608] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a resettled order of the Supreme Court, Queens County (Rutledge, J.), dated April 21, 1994, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 306. The plaintiff's notice of appeal from an order dated February 1, 1994, is deemed a premature notice of appeal from the resettled order (see, CPLR 5520 [c]).

Ordered that the resettled order is affirmed, with costs.

The plaintiff purportedly commenced this action by service of a summons and complaint upon the defendant on October 27, 1992, but failed to file a copy thereof with the clerk of the Supreme Court or pay the index number fee at any time thereafter. At the time the defendant brought this motion to dismiss the complaint in November 1993, the plaintiff had not filed the summons and complaint and had not paid the fee. The court granted the defendant's motion and dismissed the complaint pursuant to CPLR 306.

Pursuant to the Laws of 1992 (ch 216, § 27 [b]), actions commenced by service, rather than by filing, in the period between July 1, 1992, and December 31, 1992, shall be "deemed dismissed without prejudice" if the index number fee was not paid on or before December 31, 1992. The provisions of the statute are self-executing and, therefore, the failure of the plaintiff to pay the index number fee on or before December 31, 1992, resulted in automatic dismissal of the action (see, Bloodgood v Paradis, 216 AD2d 720; Matter of Barsalow v City of Troy, 208 AD2d 1144). Consequently, when the defendant served his answer on January 11, 1993, there was no action pending for which filing of the summons and complaint nunc pro tunc could be allowed (see, De Maria v Smith, 197 AD2d

114; *Kleinman, Saltzman & Goodfriend v Marshall,* 158 Misc 2d 640). In addition, the order appealed from was superfluous since there was no action pending which could be dismissed at the time it was issued *(see, Matter of Barsalow v City of Troy, supra).*

The plaintiff is not entitled to the 120-day extension pursuant to CPLR 306-b (b). CPLR 306-b (b) applies to an action which was timely commenced and dismissed for "failure to file proof of service" or for "failure to effect proper service". It is not applicable where, as here, the plaintiff failed to file the summons and complaint and pay the index number fee .(*see, Moskowitz v Lieberman,* 158 Misc 2d 1031).

Moreover, the plaintiff is not entitled to the six-month extension pursuant to CPLR 205 (a). That statute applies to actions in which the complaint is dismissed on grounds other than, *inter alia,* lack of personal jurisdiction or neglect to prosecute. Here, the failure to file the summons and complaint and pay the index number fee constituted a fatal defect in obtaining jurisdiction over the person of the defendant (*see, De Maria v Smith, supra,* at 114). Therefore, the six-month extension is not available to the plaintiff (*see, Parker v Mack,* 61 NY2d 114).

We have considered the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Altman, Hart and Friedmann, JJ., concur.