■ ROBERT HENNELLY, Respondent, v CROSSLAND SAVINGS BANK, Appellant. [647 NYS2d 228] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Rockland County (Weiner, J.), entered February 13, 1996, which denied its motion to dismiss the complaint pursuant to CPLR 304 and 214-c.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On December 29, 1992, the plaintiff served a summons with notice but failed to pay the index number fee at that time. On June 2, 1995, the plaintiff moved for leave to file a summons with proof of service on the defendant. The Supreme Court granted the plaintiff's motion. On June 28, 1995, counsel for the plaintiff applied for and was assigned an index number. On November 17, 1995, the defendant moved to dismiss the complaint for failure to timely purchase an index number in accordance with CPLR 304 and as time-barred pursuant to CPLR 214-c. The court denied the defendant's motion.

Pursuant to Laws of 1992 (ch 216, § 27 [b]), actions commenced by service, rather than by filing, in the period between July 1, 1992, and December 31, 1992, shall be "deemed dismissed without prejudice" if the index number fee was not paid on or before December 31, 1992. Since the provisions of the statute are self-executing, the failure of the plaintiff to pay the index number fee on or before December 31, 1992, resulted in automatic dismissal of the action (*see, Mohammed v Elassal,* 226 AD2d 509; *Bloodgood v Paradis,* 216 AD2d 720; *Matter of Barsalow v City of Troy,* 208 AD2d 1144).

Consequently, when the plaintiff moved for leave to file a summons with proof of service on the defendant on June 2, 1995, there was no action pending for which the filing of a summons with proof of service could be allowed (*see, Mohammed v Elassal, supra; De Maria v Smith,* 197 AD2d 114; *Kleinman, Saltzman & Goodfriend v Marshall,* 158 Misc 2d 640). In fact, the order entered February 13, 1996, was superfluous. There was no action pending at the time it was issued since the action was deemed dismissed by operation of law on December 31, 1992 (*see, Mohammed v Elassal, supra; Matter of Barsalow v City of Troy, supra*). Bracken, J. P., Santucci, McGinity and Luciano, JJ., concur.