■ WILLIAM GILLIGAN et al., Respondents, v RICHARD L. REERS et al., Appellants. [647 NYS2d 848] —In an action to recover damages, *inter alia,* for legal malpractice, the defendant Richard L. Reers appeals and the defendant Pappas, Russo & Reers separately appeals, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated September 25, 1995, as (1) failed to grant their respective motion and cross motion to dismiss the complaint unconditionally, and (2) in effect, vacated the automatic dismissal of the complaint upon condition that the plaintiffs reimburse the defendant Richard L. Reers for the purchase of an index number.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motion and cross motion are granted unconditionally, the action is deemed dismissed as of January 1, 1993, and the counterclaims asserted by the defendant Richard L. Reers are severed, and shall be deemed a complaint, and the reply to the counterclaims shall be deemed an answer, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on these claims.

The plaintiffs commenced the present action by service in August of 1992, during the six-month transition period which followed the effective date of the Laws of 1992 (ch 216) (*see, Mohammed v Elassal,* 226 AD2d 509). However, this action was automatically dismissed as of January 1, 1993, due to the plaintiffs' failure to purchase an index number and pay the required fee (L 1992, ch 216, § 27 [b]; *Mohammed v Elassal, supra*). The plaintiffs' arguments, including their argument that the defendants waived their objection, are without merit. The counterclaiming defendant had no obligation to pay the fee referred to above, and the dismissal of the plaintiffs' complaint requires that the counterclaims be severed and remitted for further proceedings. Bracken, J. P., Rosenblatt, Altman and Luciano, JJ., concur.