■ MARILYN SRSICH et al., Respondents, v THOMAS NEWMAN, Appellant, et al., Defendant. [648 NYS2d 132] —In an action to recover damages for personal injuries, etc., the defendant Thomas Newman appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated October 6, 1995, as denied his cross motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as barred by the Statute of Limitations.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The plaintiff Marilyn Srsich suffered injuries on July 30, 1991, when she allegedly fell on premises owned by the defendants Hazel Giarraputo and Thomas Newman as tenants in common. Giarraputo was served with process, naming her and Newman as defendants, on April 13, 1994. Newman was served on May 5, 1995.

In an affirmative defense in his answer and in a subsequent cross motion, the defendant Newman sought dismissal of the complaint insofar as asserted against him as barred by the three-year Statute of Limitations. Specifically, Newman argued that the cause of action accrued on July 30, 1991, and that since service upon him was not made until May 5, 1995, almost four years later, the claim against him was time barred. In opposition to Newman's cross motion, the plaintiffs argued that as co-owners of the property, the defendants Newman and Giarraputo were united in interest and, since Giarraputo was

served within the applicable period of limitations, the service upon Newman should be deemed timely.

The Supreme Court denied the defendant Newman's cross motion, holding that: "the defendants, as co-owners of the subject premises, were united in interest and that because the action was timely commenced as against Hazel Giarraputo, the action would be timely commenced as against Thomas Newman *(see,* CPLR 203 [b] [1]). Although, as the defendant Thomas Newman suggests, co-owners or tenants in common may not be united in interest for all purposes, co-owners are united in interest for purposes of premises liability because their interest in the subject matter is such that they stand or fall together and the judgment against one will similarly affect the other".

We note that both of the parties and the Supreme Court overlooked the governing statutes in this case.

Since July 1, 1992 (L 1992, ch 216, § 27), New York has been a commencement-by-filing jurisdiction. CPLR 304 provides, insofar as is relevant herein, that "[a]n action is commenced by filing a summons and complaint * * * with the clerk of the court". CPLR 203 (c) (1) provides that, "[i]n an action which is commenced by filing, a claim [is] asserted * * * against the defendant * * * when * * * the summons and complaint * * * is filed" with the clerk of the court.

The plaintiffs allege in their brief, without contradiction by the defendant Newman, and their appendix indicates, that a summons and complaint naming both Giarraputo and Newman as defendants were filed with the clerk of the court on April 7, 1994. Since the plaintiffs' claims were interposed on that date *(see,* CPLR 203 [c] [1]), i.e., within the three-year period of limitations, they were timely interposed against Newman.

Nevertheless, this analysis doesn't end our inquiry. Under the new commencement-by-filing system, it was incumbent upon the plaintiffs to effectuate proper service upon Newman and file proof of same within 120 days after the date of the filing of the summons and complaint *(see,* CPLR § 306-b [a]). Failure to comply with these requirements results in an automatic dismissal *(see,* CPLR 306-b [a] ["the action * * * shall be deemed dismissed"]; *see also, Matter of Barsalow v City of Troy,* 208 AD2d 1144; *see generally, Matter of Winston v Freshwater Wetlands Appeals Bd.,* 224 AD2d 160).

In the instant case, the 120-day period prescribed by CPLR 306-b (a) expired in early August 1994 and it is undisputed that the plaintiffs did not effectuate service upon Newman until May 5, 1995. Therefore, the action was automatically

dismissed as against Newman in early August 1994 *(see, Matter of Barsalow v City of Troy, supra).*

Accordingly, Newman's appeal from the adverse determination by the Supreme Court with respect to his CPLR 3211 (a) (5) motion must be dismissed as academic. Miller, J. P., Ritter, Goldstein and Florio, JJ., concur.