OPINION OF THE COURT
Bertram Katz, J.
Motion by defendant Martin Luther King Health Center, hereinafter referred to as MLK, for an order declaring that this action was automatically dismissed without prejudice and without costs as against said defendant pursuant to CPLR 306-b (a) on March 9, 1996, and pursuant to CPLR 306-b (b) on July 9, 1996, and declaring that there is no present action pending against MLK as a defendant in the instant action, and for other relief, is granted in all respects; the cross motion by plaintiff for an order striking the affirmative defense of personal jurisdiction interposed on behalf of defendant MLK and directing MLK to furnish a complete copy of its medical records regarding the plaintiff, and for other relief, is denied as academic, as MLK is not a party to this action pursuant to CPLR 306-b, except that nonparty MLK is directed to provide said medical records to the plaintiff pursuant to CPLR 3101 (a) within 20 days after service of a copy of this order with notice of entry thereon.
This action, arising out of plaintiff’s claim that defendants failed to diagnose retinal detachment and choroidal detachment in her right eye from May through July 1993, was commenced with the filing of the summons and complaint on November 9, 1995. Thereafter it appears that service was allegedly effected upon MLK by personal service upon one Denice Rice on December 11, 1995, but the affidavit of service dated January 10, 1996, which is annexed to the moving papers as an exhibit, was never filed with the court. No application was made by plaintiff to extend the filing period, nor has such an application been made at this time. The defendant MLK therefore contends, and this court agrees, that this action was automatically deemed dismissed as against MLK pursuant to CPLR 306-b (a) on March 9, 1996 due to plaintiff’s unexplained failure to file proof of service within the requisite 120-day period.
The plaintiff also failed to avail herself of the 120-day extension permitted under CPLR 306-b (b) for the commencement of a new action. The next significant event is the execution of a stipulation between plaintiff’s counsel and the counsel for *997 MLK, DuBois, Billig, Loughlin, Conaty & Weisman dated March 25, 1997, wherein plaintiff "granted an extension of time to answer or move with respect to the Summons and Complaint served upon defendant Martin Luther King Health Center up to and including April 7, 1997. We [MLK] have agreed not to raise personal jurisdiction as an affirmative defense in our answer.” This stipulation was signed by plaintiff’s counsel on March 31, 1997. MLK did subsequently answer, but asserted an affirmative defense of lack of jurisdiction. Plaintiff’s counsel contends that her adversary thereafter orally agreed to withdraw this defense, but after examining the file and noting the absence of any proof of service, MLK directed plaintiff to disregard its prior answer as a nullity, and has now moved for a court order deeming this action to have been automatically dismissed pursuant to CPLR 306-b.
The first issue is whether the stipulation of the parties and the subsequent service of an answer overrides the revenue statute which is at the heart of this matter, CPLR 306-b. The court finds that no such override has taken place. Although the appearance of a defendant within the 120 days after filing of the summons and complaint excuses noncompliance with CPLR 306-b (see, Lieber v Sette-Juliano Constr. Corp., 228 AD2d 419), it is evident that MLK did not answer in this matter until long after the automatic dismissal had taken place. Indeed, the stipulation was itself executed after the dismissal had already occurred.
It has been held that this statutory dismissal is indeed automatic. The service of an answer thereafter is a nullity, as the plaintiff’s failure to file proof of service, or to otherwise perform its duties under CPLR 306-b means that there is no action then pending against the defendant. (See, Mohammed v Elassal, 226 AD2d 509; Matter of Gershel v Porr, 89 NY2d 327.) The courts have applied this statute in strict fashion in light of the 120-day extension saving period provided for in CPLR 306-b (b), which somewhat mitigates the harsh results. As noted, however, the plaintiff did not commence a new action under this saving provision.
To the extent that plaintiff argues that MLK should be deemed to have submitted to the jurisdiction of this court since it is allegedly "united in interest” with codefendant Alexis E. Finlay, M.D., this assertion is one that should be made, if at all, after a new action is commenced against defendant MLK, in opposition to an ensuing motion to dismiss on the grounds that said new action is time barred. No authority has been *998 cited for the proposition that this doctrine can be asserted within this action to excuse noncompliance with CPLR 306-b, especially after this matter has already been deemed dismissed as against MLK pursuant to CPLR 306-b. It is submitted that the absence of any case permitting such a procedure, which absence the plaintiff has noted, is indicative of the fact that the doctrine is inapplicable to this situation. If the rule were otherwise, than it would be apparent that there would be nothing automatic about an automatic dismissal under CPLR 306-b. Indeed, the commentaries cited by both sides (Alexander, 1992 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:3, 1997 Pocket Part, at 36) calls "doubtful” the assertion by plaintiff that CPLR 203 (c), which refers to defendants united in interest, was intended to override the specific provisions of CPLR 306-b.
Moreover, the plaintiff seeks to frame this issue as if it concerned service upon a defendant who is discovered after an action is commenced, and after the first 120-day period had expired. This is not what occurred here. The defendant MLK was known to plaintiff, it was named as a defendant in the pleadings in this action, and service was either attempted or properly effected upon said defendant. Plaintiff simply failed to comply with CPLR 306-b by filing proof of service, and the consequences of this failure are automatic and self-executing, and specifically provided for in the statute. The doctrine of "united in interest” therefore has no application to these circumstances.
The other contentions of plaintiff are without merit.
The clerk of the court is directed to enter judgment in favor of defendant MLK dismissing the complaint as to MLK without prejudice or costs pursuant to CPLR 306-b.