■ JOEL ARBISSER, Respondent, v ESTHER GELBELMAN, Also Known as ESTHER FUCHS, Also Known as ESTHER BAZION, Appellant, et al., Defendants. [660 NYS2d 133] —In a mortgage foreclosure action, the defendant Esther Gelbelman a/k/a Esther Fuchs a/k/a Esther Bazion appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated April 3, 1996, as denied that branch of her motion which was to dismiss the complaint insofar as asserted against her pursuant to Laws of 1992 (ch 216, § 27 [b]) and deemed the summons with proof of service timely filed nunc pro tunc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion is granted, and the complaint is dismissed insofar as asserted against the defendant Esther Gelbelman a/k/a Esther Fuchs a/k/a Esther Bazion without prejudice, and the action against the remaining defendants is severed.

The plaintiff commenced this action by purported service of a summons and complaint in December 1992 during the six-month transition period following the effective date of the commencement-by-filing system in New York (see, L 1992, ch 216). Pursuant to the clear language of Laws of 1992 (ch 216, § 27 [b]), the plaintiff was required to pay the index number fee on or before December 31, 1992, or the action was to "be deemed dismissed without prejudice" (L 1992, ch 216, § 27 [b]). It is undisputed that the plaintiff did not pay the requisite fee and did not file his papers until February 19, 1993. The defendant subsequently moved, inter alia, to dismiss the complaint insofar as asserted against her based on the plaintiff's failure to timely pay the fee, but the court denied the motion and deemed the payment and filing timely made nunc pro tunc. We reverse.

It is well settled that a failure to timely pay the index number fee pursuant to Laws of 1992 (ch 216, § 27 [b]) results in a dismissal which is automatic and self-executing (see, Gilligan v Reers, 231 AD2d 673; Hennelly v Crossland Sav. Bank, 231 AD2d 492; Mohammed v Elassal, 226 AD2d 509; see generally, Long v Quinn, 234 AD2d 520; Srsich v Newman, 232 AD2d 398; Matter of Winston v Freshwater Wetlands Appeals Bd., 224 AD2d 160; Matter of Barsalow v City of Troy, 208 AD2d 1144). Accordingly, the plaintiff's action was dismissed as of January 1, 1993, and there was no action pending within which the Supreme Court could authorize the nunc pro tunc payment

and filing *(see, e.g., Gilligan v Reers, supra; Hennelly v Crossland Sav. Bank, supra; Mohammed v Elassal, supra).*

We have considered the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Copertino, Sullivan and Altman, JJ., concur.