OPINION OF THE COURT
John P. DiBlasi, J.
Plaintiff commenced this negligence action seeking to recover from defendant for property damage sustained in an automobile accident. Defendant now moves this court for dismissal of the complaint under CPLR 306-b and 3211. Plaintiff cross-moves for an order permitting his action to proceed, or granting him leave to file a new action nunc pro tunc. As will be apparent from the facts and the legal analysis which follow, this case makes painfully clear that proceeding without an attorney in a legal matter is fraught with the potential for severe consequences.
FACTUAL BACKGROUND
On September 22, 1993, plaintiff was operating a tractor-trailer on Interstate 684 near the Town of Lewisboro when his vehicle was struck by a car operated by defendant. Proceeding pro se, plaintiff commenced this action to recover for the property damage sustained by his truck. On September 23, 1996, the last possible day for commencing his action (CPLR 214 [4]), *613 plaintiff purchased an index number and filed his summons and complaint.[1] However, he failed to serve defendant until April 23, 1997. Subsequently, on August 20, 1997, defendant filed the instant dismissal motion. Although plaintiff offers several arguments in opposition to that application, as well as in support of his cross motion, it is evident that this action has been dismissed by operation of CPLR 306-b.
DISCUSSION
Since July 1, 1992, civil actions in this State have been commenced by the filing of a summons with notice or summons and complaint (CPLR 304). Pursuant to CPLR 306-b (a), a plaintiff must file proof of service of the summons or summons and complaint within 120 days of the filing of such papers.[2] "If proof of service is not filed and there has been no appearance by the defendant within the time provided in [CPLR 306-b] for filing proof of service, the action * * * shall be deemed dismissed as to the non-appearing party with respect to whom no proof of service has been filed, without prejudice and without costs” (CPLR 306-b [a] [emphasis supplied]).
It is undisputed that plaintiff failed to serve defendant within the 120-day period as required by CPLR 306-b (a). Consequently, the action before this court was dismissed by operation of law as of January 21, 1997. By virtue of the mandatory language contained in CPLR 306-b (a), that dismissal was effective without any court intervention (Matter of Barsalow v City of Troy, 208 AD2d 1144, 1146 [3d Dept 1994]; Srsich v Newman, 232 AD2d 398, 399 [2d Dept 1996]).
Notwithstanding that his action was dismissed as of January 21, 1997, plaintiff could still have proceeded against defendant, had he acted in a timely fashion. This is because CPLR 306-b (b) permits a plaintiff to commence a new action "[i]f an action [has been] dismissed for failure to file proof of service pursuant to” CPLR 306-b (a). Moreover, under CPLR 306-b (b), such a new action may be commenced within 120 days after the dismissal of the original action, "despite the expiration of the statute of limitations after the commencement of the original *614 action * * * provided that service upon the defendant is effected within such one hundred twenty day period”.[3]
Unfortunately for plaintiff, while he served his summons and complaint upon defendant within 120 days after the date this action was deemed dismissed by operation of CPLR 306-b (a), he did not commence a new action. Instead, he made service of the papers under the index number assigned to the dismissed action. Although he now realizes the significance of his error, which he attributes to his pro se status[4] no exception to the application of CPLR 306-b, and in turn, the time bar created by CPLR 214 (4), can be found to save his action.
In obvious recognition of his situation, plaintiff offers a series of arguments in his favor. Each of these is derived from his central contention that his original action remains extant, or in the alternative, that this court can grant him the right to file a new action nunc pro tunc. In taking this position, plaintiff relies upon the recent decision in Matter of Fry v Village of Tarrytown (89 NY2d 714 [1997]). This court concludes that plaintiff’s reliance upon Fry is misplaced, and therefore denies his cross motion in all respects.
In Fry (supra), petitioner commenced a CPLR article 78 proceeding by purchasing an index number and submitting an order to show cause for signature by a Supreme Court Justice. Although the proposed order was signed, petitioner filed only an unsigned copy with the Clerk of the Court. However, he served the respondent, who filed an answer contesting the merits of the petition without raising the issue of the defective filing. Thereafter, the trial court dismissed the petition sua sponte, upon the ground that the proceeding was not properly commenced because petitioner failed to comply with the filing requirements of CPLR 304.
Upon review of the decision of the Appellate Division affirming the trial court, the Court of Appeals reversed. In doing so, the Court observed that it has always been the rule that defects in service of process and the commencement of an action are waivable if the defendant appears without properly raising an objection to such defects (supra, at 720). Plaintiff contends that the holding in Fry controls at bar, and that this action existed *615 as of April 1997, and still exists, because defendant did not timely move to dismiss the complaint after it was served upon him. This court disagrees with plaintiff, because Fry is distinguishable from this case on three grounds.
First, respondent in Fry (supra) was actually served with the order to show cause and supporting papers by plaintiff following his defective filing of an unsigned copy of those papers with the Clerk of the Court. At bar, defendant was never served with the "initiatory papers” (see, Matter of Fry v Village of Tarrytown, supra, 89 NY2d, at 719) prior to the date when the action was deemed dismissed. Consequently, in the original action, personal jurisdiction of defendant was never obtained by the court (Palmisano v Capital Dist. Transp. Auth., 54 AD2d 787 [3d Dept 1976]) and there was no complaint to be answered or moved against by defendant (see, Matter of Fry v Village of Tarrytown, supra, 89 NY2d, at 721, n 4 ["Service of process has always been and is still the CPLR’s 'dispositive timing event’ for answering or for moving to dismiss, and nothing in the filing system changes that rule”]). That being true, unlike the situation in Fry, there was no objection which could have been raised or waived by defendant in the original action.
Second, the respondent in Fry (supra) answered the petition and contested the proceedings on its merits. At bar, defendant did not have the opportunity to contest the merits prior to the dismissal by operation of CPLR 306-b (a), nor did he do so after he was served with the summons and complaint subsequent to that dismissal. For that reason, Fry and its progeny are not controlling in this case (cf., Dorfman v Zelik, 240 AD2d 619, 620 [2d Dept 1997] [defendant waived objection to "defective filing” where he litigated the action for almost two years prior to raising the issue]).
Third, the defect which was held to be waivable by the Court of Appeals in Fry (supra) was the failure to file an executed copy of the order to show cause. To the contrary, in this case, the defect involved is plaintiff’s failure to commence a new action following the dismissal of his original action by operation of CPLR 306-b (a) for not serving defendant within 120 days after the filing of the summons and complaint. This difference is of controlling significance, and mandates denial of any relief to plaintiff.
The petitioner in Fry (supra) paid his filing fee and obtained an index number, thereby satisfying the revenue-raising goal of CPLR 304 (see, Matter of Fry v Village of Tarrytown, supra, *616 89 NY2d, at 719).[5] As a result, the Court of Appeals was not presented with the situation at bar, where an original action was dismissed, but service of the summons and complaint filed in the original action was made without the purchase of a new index number and the payment of an additional fee. Such facts, rather than coming within the holding of Fry, are controlled by the decision in Gershel v Porr (89 NY2d 327 [1996]), which the Fry Court stated was not undermined by its holding that failure to strictly comply with the filing requirements is waivable.
In Gershel (supra), a petitioner properly commenced an article 78 proceeding, but respondent challenged the service made upon him, which resulted in the granting of a traverse hearing. Rather than proceeding with that hearing, petitioner announced that he would withdraw the order to show cause which initiated the proceeding, and would serve respondent again, whereupon the trial court marked the order to show cause dismissed. Thereafter, petitioner did serve respondent, but did not first purchase a new index number and pay the requisite filing fee. On those facts, the Court of Appeals held that the new service was of no legal effect.
In reaching that determination, the Gershel Court first explained the manner in which CPLR 306-b operates. Thus, the Court observed that: "[A]n action or special proceeding, which has been technically commenced upon filing, remains inchoate until follow-up service is effected and proof of service filed; failure to take the necessary follow-up steps in the time provided will result in the action being automatically 'deemed dismissed’ (CPLR 306-b [a]).” (Supra, at 331.) The Court in Gershel ruled that upon such a dismissal, a new index number has to be obtained, a new filing fee must be paid, and service of process must again be accomplished (supra). Most importantly, for the purpose of the case at bar, the Court of Appeals held that absent satisfaction of the requirements of payment of the filing fee and securing a new index number, any attempted service of the summons and complaint is ''a nullity” (supra, at 332). This holding disposes of the arguments raised in support of plaintiffs cross motion for relief designed to resurrect his dismissed action.
The first of these is plaintiffs contention that since defendant has neither answered the complaint nor moved to dismiss *617 based, upon improper service, he has waived any claim of lack of personal jurisdiction, and is in default. Building upon that position, plaintiff asserts that defendant must first "vacate his default by submitting an affidavit demonstrating a meritorious defense and an excuse for not serving a timely answer” (plaintiff’s affirmation para 8). Plaintiff concludes this argument with the claim that since defendant has failed to vacate his default, he may not move to dismiss the action pursuant to CPLR 306-b. The difficulty with plaintiff’s position is that it proceeds upon an initially erroneous premise.
Because he failed to serve defendant within the initial 120-day period, plaintiff’s action was deemed dismissed by operation of law on January 21, 1997. Although he could have started a new action, as provided for by CPLR 306-b (b), plaintiff did not do so since he did not pay a new filing fee and obtain a new index number. "Since [plaintiff] did not take these steps, the new [action] was never properly commenced and the attempted service [upon defendant] was a nullity” (see, Gershel v Porr, supra, 89 NY2d, at 332).
In view of that fact, there was no action commenced against defendant in which he was required to serve an answer. Therefore, his failure to either answer the complaint or move to dismiss for lack of personal jurisdiction presents no bar to defendant’s present motion (cf., Mandel v Waltco Truck Equip. Co., — AD2d —, 1997 NY Slip Op 08400 [2d Dept, Oct. 14, 1997] [failure to raise defect in commencement of action in answer to complaint is not waived under Fry (supra) where filing fee is not paid prior to service of summons and complaint]). Indeed, no such motion was required by defendant, since the original action was dismissed by operation of law and no new action was commenced (see, Matter of Barsalow v City of Troy, supra, 208 AD2d, at 1146 ["Since no action by Supreme Court (is) necessary to effectuate the dismissal” of an action deemed dismissed under CPLR 306-b (a), any dismissal order issued by the court is "superfluous”]).
Plaintiff’s second claim is that defendant is estopped from raising any objection under CPLR 306-b. This argument is based upon plaintiff’s contention that "defendant’s counsel intentionally defaulted so that counsel could claim that the pro se plaintiff was precluded from utilizing 306-b(b) to save his action” (plaintiff’s affirmation para 11), and is supported by plaintiff by citations of cases involving affirmative acts taken to mislead a party (see, Yanni v Chopp, 130 AD2d 489 [2d Dept 1987], lv dismissed 70 NY2d 926 [1987]), or a party’s failure to *618 maintain current information with an agency which resulted in an inability to locate him for the purpose of service of process (see, New York State Higher Educ. Servs. Corp. v Adams, 173 Misc 2d 283 [Sup Ct, Albany County 1997]).
This argument is unconvincing. As an initial matter, plaintiff does not offer any support, either statutory or decisional, for the proposition that a party is required to answer a complaint. Certainly, a defendant may allow an action to proceed by default, if that is his choice. In addition, to invoke an estoppel, plaintiff must demonstrate his reasonable reliance upon the inaction of defendant (cf., Harrington v Dickinson, 159 AD2d 876, 877 [3d Dept 1990], lv dismissed 76 NY2d 935 [1990] [defendant estopped from challenging service because plaintiff had right to rely upon false address provided by defendant at scene of accident]). This court does not agree with plaintiff that even as a pro se litigant he may reasonably rely upon defendant filing an answer and placing him on notice of any existing procedural requirements.[6] Most importantly, given the fact that the service upon defendant accomplished in April 1997 was a nullity (Gershel v Porr, supra), there was, as noted above, no complaint as to which an answer was required, or as to which a default could have been taken.
Plaintiff’s last bid for relief must also fail. That request is for the court to "exercise its discretion under CPLR 2004, or general equitable powers, to permit this action to continue on the grounds that plaintiff, who was formerly pro se, should be relieved of complying with arcane filing rules which will be scrapped by the State of New York as of January 1, 1998” (plaintiff’s affirmation para 14). While the court is aware that an amendment of CPLR 306-b shall take effect on January 1, *619 1998, it cannot be disputed that this case is governed by the statute in its existing form. Neither the fact that a change in that provision shall become effective in the future, nor a plea to this court’s "equitable powers”, can save plaintiff from the procedural errors committed by him in the course of his self-representation. Moreover, as defendant correctly argues, CPLR 2004 may not be invoked to extend Statutes of Limitation which create substantive rights (Lennox v Rhodes, 39 AD2d 801, 802 [3d Dept 1972]). Such unauthorized relief is precisely that which plaintiff seeks from the court by way of his motion for leave to file a new action nunc pro tunc to April 21, 1997. Finally, since plaintiff’s action was dismissed as of January 21, 1997, there is no action pending in which this court can grant nunc pro tunc relief (see, Arbisser v Gelbelman, 240 AD2d 605 [2d Dept 1997]).
CONCLUSION
On January 21, 1997, the action commenced under index number 15178/96 was dismissed by operation of law. Because plaintiff did not purchase a new index number and pay the additional filing fee, his service of the summons and complaint upon defendant in April 1997 was a nullity (Gershel v Porr, supra). Moreover, since no new action was commenced within the additional time provided under CPLR 306-b (b), his action was time barred no later than July 21, 1997 (CPLR 205 [a]; see, Matter of Winston v Freshwater Wetlands Appeals Bd., supra). Therefore, plaintiff’s cross motion is denied in all respects. Finally, since the dismissal of the instant action did not require judicial intervention, defendant’s motion is denied, as academic (see, Matter of Barsalow v City of Troy, supra).

. Defendant concedes that the filing was timely since September 22, 1996 was a Sunday.

. A 15-day filing period is applicable to actions or proceedings governed by a four-month or shorter Statute of Limitations.

. Indeed, as plaintiff correctly observes, his time to recommence his action would have actually been six months from the dismissal of the original action, pursuant to CPLR 205 (a) (Matter of Winston v Freshwater Wetlands Appeals Bd., 224 AD2d 160 [2d Dept 1996]).

. Plaintiff retained counsel after being served with defendant’s dismissal motion.

. As observed in Fry, payment of the fee is "the court’s principal interest in the filing system” (supra, at 719).

. In putting forth his estoppel argument, plaintiff cites Lancaster v Kindor (98 AD2d 300 [1st Dept 1984], affd 65 NY2d 804 [1985]) for the proposition that "procedural requirements are relaxed for pro se litigants” (plaintiff’s affirmation para 11). This court notes that the rule in this judicial department is to the contrary (see, Roundtree v Singh, 143 AD2d 995, 996 [2d Dept 1988], quoting Morgan v Sylvester, 125 F Supp 380, 388 [SD NY 1954], affd 220 F2d 758 [2d Cir 1955], cert denied 350 US 867 [1955], reh denied 350 US 919 [1955] [" 'A litigant appearing pro se acquires no greater right than any other litigant and such appearance may not be used to deprive defendants of the same rights enjoyed by other defendants’ ”]; see also, Brooks v Inn at Saratoga Assn., 188 AD2d 921 [3d Dept 1992] [same]). Indeed, the Lancaster Court has also adopted this view (see, Goldmark v Keystone & Grading Corp., 226 AD2d 143, 144 [1st Dept 1996] [holding that trial court erred in excusing defect in service on ground that petitioner was acting pro se]).