■ SUZANNE DOLSON et al., Appellants, v CYNTHIA DiPIETRO, Respondent. [673 NYS2d 925] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated May 13, 1997, which granted the defendant's motion (1) to vacate a judgment entered upon her failure to appear or answer the complaint, and (2) to dismiss the action.

Ordered that the order is affirmed, with costs.

The plaintiffs conceded at the Supreme Court that service was not properly made on the defendant pursuant to CPLR 308 (2). Thus, we do not consider the plaintiffs' contention that service was properly made pursuant to CPLR 308 (2) as it was raised for the first time on appeal and is supported by evidence which is dehors the record.

Furthermore, we reject the plaintiffs' contention that they should be given an additional 120 days to commence a new action. It is undisputed by the parties that the plaintiffs commenced the instant action by filing a summons with notice on September 27, 1995. It is also undisputed that the plaintiffs did not file the proof of service until January 29, 1996, 124 days later. Thus, the action was automatically dismissed on January 25, 1996 (*see,* CPLR former 306-b [a]; *Barsalow v City of Troy,* 208 AD2d 1144). In addition, the plaintiffs were not entitled to commence a new action pursuant to CPLR 306-b (b) because the plaintiffs failed to refile the action and serve the defendant within 120 days of January 25, 1996 (*see,* CPLR former 306-b [b]; *Barsalow v City of Troy, supra*). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.