■ WILLIAM GILLIGAN et al., Respondents, v RICHARD L. REERS, Appellant, et al., Defendants. [680 NYS2d 621] —In an action to recover unpaid legal fees, the defendant Richard L. Reers appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated March 11, 1998, as (1) denied his motion to dismiss the counterclaims asserted by the plaintiffs in their amended answer to his counterclaims, and (2) granted the plaintiffs'

cross motion to the extent of permitting them to amend their answer to add the counterclaims and directing him to accept the amended answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

In August 1992, William and Mary Gilligan commenced an action to recover damages based on legal malpractice. Richard L. Reers, a defendant in that action, asserted counterclaims for damages based on the failure to pay legal fees. The Gilligans served a reply to the counterclaims.

In *Gilligan v Reers* (231 AD2d 673) this Court noted that the Gilligans' action had been automatically dismissed effective January 1, 1993, due to their failure to purchase an index number (*see,* L 1992, ch 216, § 27; *Mohammed v Elassal,* 226 AD2d 509). In accordance with CPLR 3019 (d), the counterclaims asserted by Reers were, as of that point, the functional equivalent of a complaint, and the Gilligans' reply the functional equivalent of an answer.

In the order now under review, the Supreme Court granted leave to the Gilligans to amend their answer to assert legal malpractice claims essentially identical to those contained in the original complaint which was automatically dismissed effective January 1, 1993. The appellant's sole argument is that the Supreme Court's order undermines the prior order of this Court in *Gilligan v Reers* (*supra*), and violates the doctrine of the law of the case. We disagree.

The doctrine of law of the case "applies only to legal determinations that were necessarily resolved on the merits in the prior decision" (*Baldassano v Bank of N. Y.,* 199 AD2d 184, 185, citing *Locilento v Coleman Catholic High School,* 134 AD2d 39, 43; *see also, Sudarsky v City of New York,* 247 AD2d 206). In deciding that the application of the governing statutes brought about the automatic dismissal of the Gilligans' original complaint effective January 1, 1993, this Court did not implicitly or explicitly address, much less decide, the question of whether the Gilligans might ever again be permitted to interpose the claims which were contained in that original complaint, either in the context of a separate action, or in the context of an amendment to that pleading which, originally properly designated as a reply, is now for all intents and purposes an answer (*see,* CPLR 3019 [d]). Thus, the order under review does not violate the doctrine of law of the case. Bracken, J. P., Santucci, Krausman and Florio, JJ., concur.