■ PAMELA L. ZIMMER et al., Respondents, v LAKE SHORE HOSPITAL et al., Appellants. [707 NYS2d 563] —Order unanimously reversed on the law with costs, motions granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendants' motions to dismiss the complaint. Plaintiffs commenced this medical malpractice action by filing a summons and complaint in the County Clerk's office on October 31, 1997.

They failed to file proof of service, however, until March 4, 1998. Under CPLR former 306-b (a), failure to file proof of service within 120 days was a "fatal jurisdictional defect" resulting in automatic dismissal (*Matter of Barsalow v City of Troy,* 208 AD2d 1144, 1145). Because the Statute of Limitations expired on November 4, 1997 and plaintiffs did not avail themselves of the extension provisions of CPLR former 306-b (b), the action is time-barred (*see, Matter of Barsalow v City of Troy, supra*).

Plaintiffs' reliance on *Matter of Fry v Village of Tarrytown* (89 NY2d 714) is misplaced. That case involved a dismissal based on a defect in the initial papers filed with the clerk of the court. The Court of Appeals concluded that the threshold filing defect did not authorize a *sua sponte* dismissal because the respondents appeared in the proceeding and litigated the merits without raising that objection (*see, Matter of Fry v Village of Tarrytown, supra,* at 716). Here, the dismissal was for failure to file proof of service (*see, Connor v Deas,* 255 AD2d 287, 288; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 306-b.02). (Appeals from Order of Supreme Court, Erie County, O'Donnell, J.—Dismiss Pleading.) Present—Pine, J. P., Hayes, Scudder and Kehoe, JJ.