■ STEFAN PALO, JR., et al., Respondents, v KHIN N. LATT, Appellant. [725 NYS2d 874] —In an action to recover damages for medical malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated September 13, 2000, as granted the plaintiffs' motion to vacate an order dated July 21, 1998, granting the defendant's motion to dismiss the complaint for want of prosecution, upon their default in responding to the motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the order dated July 21, 1998, is reinstated.

On a prior appeal, we found that the Supreme Court improperly granted the plaintiffs' motion to vacate the order dated July 21, 1998, because the plaintiffs failed to demonstrate a meritorious cause of action, as their expert's affirmation did not constitute competent evidence (*see, Palo v Latt,* 270 AD2d 323). The plaintiffs moved again to vacate the order dated July 21, 1998, and attempted to cure this deficiency by submitting an affidavit by their expert. However, since the plaintiffs had a full and fair opportunity to litigate the issue of whether they had a meritorious cause of action, and that issue was resolved on the merits in our prior decision, the order appealed from violates the doctrine of law of the case (*see gener-*

*ally, People v Evans,* 94 NY2d 499, 502; *cf., Gilligan v Reers,* 255 AD2d 486). O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.