■ SIDNEY POSIN, Appellant, v MATTHEW RUSSO, Respondent, et al., Defendant. [741 NYS2d 893] —In an action, inter alia, pursuant to Business Corporation Law § 626 to recover damages for the waste of corporate assets and for an accounting, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Adams, J.), dated March 15, 2001, as granted the motion of the defendant

Matthew Russo to amend portions of an amended judgment of the same court, dated June 30, 1999, and (2) so much of a second amended judgment of the same court, dated May 7, 2001, as amended portions of the amended judgment, dated June 30, 1999.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the second amended judgment is reversed insofar as appealed from, on the law, the motion is denied, and the order dated March 15, 2001, is vacated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the second amended judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the second amended judgment (*see* CPLR 5501 [a] [1]).

Since the defendant Matthew Russo had a full and fair opportunity to litigate the propriety of the Supreme Court's determination, and that issue was resolved on the merits in a decision and order of this Court dated October 30, 2000 (*see Posin v Russo,* 276 AD2d 764), the second amended judgment appealed from violates the doctrine of law of the case (*see People v Evans,* 94 NY2d 499; *Duffy v Holt-Harris,* 260 AD2d 595; *cf. Gilligan v Reers,* 255 AD2d 486).

The defendant Russo's remaining contention is without merit. Florio, J.P., Smith, Luciano and H. Miller, JJ., concur.