■ SANDRA LONG et al., Respondents, v JOHN QUINN, Appellant, et al., Defendant. [651 NYS2d 196] —In an action, inter alia, to recover damages for wrongful death, the defendant John Quinn appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated November 21, 1995, which denied his motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint insofar as asserted against the appellant is dismissed, and the action against the remaining defendant is severed.

In the case herein, all the relevant dates are undisputed. The decedent died on March 13, 1992. The summons and complaint in the first action was filed on June 10, 1993. However, since proof of service was never filed with the Clerk of the Supreme Court the action was deemed dismissed on October 8, 1993, pursuant to CPLR 306-b (a), 120 days after the date the summons and complaint were filed. The respondents commenced a second action on March 1, 1994, by filing the summons with notice with the office of the Clerk of the Supreme Court, Nassau County. However, the affidavit of service on the appellant were not filed until June 30, 1994, 121 days after the summons with notice was filed. Accordingly, the second action, insofar as asserted against the appellant, was also dismissed pursuant to CPLR 306-b (a). In the interim, the time for commencing the action had expired on March 13, 1994, two years after the decedent's death on March 13, 1992 (*see,* EPTL 5-4.1). On December 21, 1994, the respondent moved for an order nunc pro tunc deeming her proof of service timely filed, pursuant to CPLR 2004. In an order entered May 18, 1995, the Supreme Court, Nassau County (Collins, J.), in effect, granted the plaintiffs leave to commence a new action. On June 28, 1995, the plaintiffs commenced this third action by filing their summons with notice in the office of the Clerk of the Supreme Court. The appellant was personally served on July 15, 1995. However, the complaint was not served on the appellant until August 25, 1995.

Since a dismissal under CPLR 306-b (a) for failure to timely file proof of service is automatic and self-executing, and no formal action need be taken by either party or the court in order to effect the dismissal (*see, Mohammed v Elassal,* 226 AD2d 509; *Barsalow v City of Troy,* 208 AD2d 1144; *Matter of Solomon v Marks,* 164 Misc 2d 387, 391; *see also,* 1 Weinstein-Korn-Miller, NY Civ Prac, CPLR ¶ 306-b.01, at 3-254.19; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C306-b:1, 1996 Pocket Part, at 83), the plaintiffs' second action was automatically "deemed dismissed" since they failed to file proof of service on or before June 29, 1994, pursuant to CPLR 306-b (*see, Matter of Barsalow v City of Troy,* 208 AD2d 1144, *supra*). Consequently, when the plaintiffs moved on December 21, 1994, for an order nunc pro tunc, for leave to file the summons with proof of service on the appel-

lant, there was no action pending for which the nunc pro tunc relief could be granted (*see, Long v Quinn*, 234 AD2d 522 [decided herewith]; *Mohammed v Elassal, supra; De Maria v Smith*, 197 AD2d 114; *Kleinman, Saltzman & Goodfriend v Marshall*, 158 Misc 2d 640). The plaintiffs did not commence their third action within 120 days after the automatic dismissal of the second action or within the six-month period provided by CPLR 205 (a) (*see, Long v Quinn, supra; Matter of Winston v Freshwater Wetlands Appeals Bd.*, 224 AD2d 160). Instead the plaintiffs commenced the third action on June 28, 1995, and therefore the complaint was barred by the Statute of Limitations and should have been dismissed (*see*, CPLR 304, 306-b). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.