■ SANDRA LONG et al., Respondents, v JOHN QUINN, Appellant, et al., Defendants. [651 NYS2d 177] —In an action, *inter alia*, to recover damages for wrongful death, the defendant John Quinn appeals from so much of an order of the Supreme Court, Nassau County (Collins, J.), entered May 18, 1995, as, upon granting his cross motion to dismiss the complaint, in effect, granted the plaintiffs' application for leave to commence a third action pursuant to CPLR 306-b (b).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs' application for leave to commence a third action against the appellant is denied.

The plaintiffs' decedent passed away on March 13, 1992. Accordingly, the applicable Statute of Limitations for commencing the instant action was two years from the date of death or March 13, 1994 (*see*, EPTL 5-4.1). After the plaintiffs' first action insofar as asserted against the appellant was automatically dismissed for failure to effect service (CPLR 306-b [a]), the plaintiffs commenced a second action on March 1, 1994, by the filing of a summons with notice and timely served the summons and complaint upon the appellant. However, the plaintiffs did not timely file proof of service of the summons and complaint as provided by CPLR 306-b (a), and pursuant to the self-executing language of this statute, the second action insofar as asserted against the appellant was automatically dismissed. Consequently, when the plaintiffs moved on December 21, 1994, for an order pursuant to CPLR 2004 to give nunc pro tunc effect to their filing of proof of service on the appellant, there was no action pending against him for which nunc pro tunc relief could be granted (*see, Mohammed v Elassal*, 226 AD2d 509; *De Maria v Smith*, 197 AD2d 114). Thus the court properly denied the plaintiffs' motion.

The court also properly granted the appellant's cross motion

to dismiss the second complaint insofar as asserted against him, although such relief was unnecessary since the action had already been automatically dismissed pursuant to CPLR 306-b (a) (*see, Mohammed v Elassal*, 226 AD2d 509, *supra; Matter of Barsalow v City of Troy*, 208 AD2d 1144). However, it was error, in effect, to grant the plaintiffs leave to commence a third action, pursuant to CPLR 306-b (b), since the 120-day period following the automatic dismissal of the second action had already expired. Nor did the plaintiffs avail themselves of the six-month extension afforded by CPLR 205 (a) since the third action was not commenced until one year after the automatic dismissal of the second action (*see generally, Matter of Winston v Freshwater Wetlands Appeals Bd.*, 224 AD2d 160). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.