■ KAREN DORST, Appellant, v EGGERS PARTNERSHIP et al., Respondents, et al., Defendants. [696 NYS2d 478] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), entered May 11, 1998, which denied her motion pursuant to CPLR 2004 to extend the time to re-serve the complaint on the defendants The Eggers Partnership, The Eggers Group, P. C., and The Hillier Group Architects, P. C., and (2) so much of an order of the same court entered August 14, 1998, as denied her motion to extend the time to comply with the requirements of CPLR 214-d with respect to the defendants Herbert Pomerantz & Associates, Herbert Pomerantz, P.E.,

P. C., and H.P. Consulting Engineers and granted the motion of those defendants to dismiss the complaint insofar as asserted against them.

Ordered that the order entered May 11, 1998, is affirmed; and it is further,

Ordered that the order entered August 14, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff's action under Index No. 5732/97, insofar as asserted against the defendants The Eggers Partnership, The Eggers Group, P. C., and The Hillier Group Architects, P. C. (hereinafter collectively the Eggers defendants) was dismissed by order of the Supreme Court, Nassau County, entered October 2, 1997. Thereafter, in March 1998, the plaintiff moved under that index number to extend her time to commence a second action pursuant to CPLR 205 (a). Since the action under Index No. 5732/97 had been dismissed insofar as asserted against the Eggers defendants, there was no pending action as to those defendants within which the requested relief could be granted (*see, Long v Quinn,* 234 AD2d 522). Thus, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 2004 to extend her time under CPLR 205 (a) to commence a second action against the Eggers defendants. In any event, a court is without power to extend a Statute of Limitations (*see,* CPLR 201; *Matter of Sengstacken v Zoning Bd. of Appeals,* 87 AD2d 651).

The Supreme Court also properly granted the motion by the defendants Herbert Pomerantz & Associates, Herbert Pomerantz, P.E., P. C., and H.P. Consulting Engineers (hereinafter collectively the Pomerantz defendants) to dismiss the complaint insofar as asserted against them. The plaintiff's complaint insofar as asserted against the Pomerantz defendants alleges causes of action based on negligent professional conduct. The conduct is alleged to have occurred more than 10 years prior to the date the plaintiff's causes of action accrued. In such circumstances, the plaintiff was required to serve a notice of claim as a condition precedent to the commencement of her action and her failure to do so required the Supreme Court to grant the motion of the Pomerantz defendants to dismiss the action insofar as asserted against them (*see,* CPLR 214-d [1], [2], [5], [6]; *see also,* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 214-d, 1999 Pocket Part, at 248-249).

The appellant's remaining contentions are without merit. S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.