■ DEBRA SOTTILE et al., Appellants, v ISLANDIA HOME FOR ADULTS et al., Respondents, et al., Defendants. [718 NYS2d 394] —In an action, *inter alia,* to recover damages for discrimination based on sex, the plaintiffs appeal from (1) a judgment of the Supreme Court, Suffolk County (Emerson, J.), entered December 13, 1999, which, upon granting, after a hearing, that branch of the motion of the defendants Islandia Home for Adults, Islandia East Home for Adults, Robert Kaplan, Edward Kaplan, Barton Kaplan, Deborah Kaplan-Brooks, and Linda Kaplan, individually and doing business as Islandia Home for Adults and/or Islandia East Home for Adults, which was to dismiss the complaint for lack of personal jurisdiction, dismissed the complaint insofar as asserted against them, and (2) an order of the same court, entered May 16, 2000, which denied their motion for leave to reargue and for an extension of time to serve the defendants Islandia Home for Adults, Islandia East Home for Adults, Robert Kaplan, Edward Kaplan, Barton Kaplan, Deborah Kaplan-Brooks, and Linda Kaplan.

Ordered that the judgment is affirmed; and it is further,

Ordered that the appeal from so much of the order as denied reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiffs commenced this action by filing a summons and complaint on November 2, 1998, and, shortly thereafter, served the defendants. The defendant Robert J. Juvelier defaulted, but the remaining defendants (hereinafter the respondents) moved, *inter alia,* to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction based on improper service. After conducting a hearing, the Supreme Court concluded that service had not been properly effected. A judgment was subsequently entered dismissing the complaint. Thereafter, the plaintiffs moved, *inter alia,* for an extension of time to serve the respondents pursuant to CPLR 306-b. The court denied the motion because there was no longer a pending action in which such relief could be granted. Further, the court concluded that the plaintiffs failed to demonstrate good cause for an extension or that an extension was warranted in the interest of justice.

The evidence at the hearing supports the court's determination that service on the individual respondents was not properly effected pursuant to CPLR 308 (2) because the location where service was made was not their actual place of business (*see, Katz v Emmett,* 226 AD2d 588; *Anon Realty Assocs. v Simmons Stanley Ltd.,* 153 Misc 2d 954). In fact, one of the individual respondents was retired and living in Florida at the time of service (*see, Balendran v North Shore Med. Group,* 251 AD2d 522; *Continental Hosts v Levine,* 170 AD2d 430). The evidence also demonstrated that the respondents Islandia Home for Adults and Islandia East Home for Adults were not legal entities amenable to service (*see, Dewey v Hillcrest Gen. Hosp.,* 201 AD2d 609; *Ober v Rye Town Hilton,* 159 AD2d 16).

The court properly denied that branch of the plaintiffs' motion which sought an extension of time to serve the respondents because there was no longer an action pending in which such relief could be granted (*see, Dorst v Eggers Partnership,* 265 AD2d 294; *Long v Quinn,* 234 AD2d 520; *Long v Quinn,* 234 AD2d 522; *Mohammed v Elassal,* 226 AD2d 509).

CPLR 306-b provides, in relevant part: "Service of the summons and complaint * * * shall be made within one hundred twenty days after their filing * * * If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service."

A plain reading of the statute further supports the court's conclusion that the plaintiffs could not seek an extension after the action was dismissed. The statute gives a court the option of extending the time to serve *instead of* dismissing the action. Such a reading is consistent with the Legislative Memorandum in Support of the 1997 amendment of CPLR 306-b, which contemplates that a motion would be made while an action is pending: "under this proposal, there would be no express requirement that a motion to extend the time for service be made within the 120-day period. Indeed, a plaintiff would move to extend the time as a cross motion to a motion to dismiss for failure to timely serve." (Leg Mem in Support, 1997 McKinney's Session Laws of NY, at 2457; *see,* Mem of Off of Ct Admin, 1997 Leg Ann, at 319.)

It is unnecessary to address the plaintiffs' remaining contention regarding the merits of their motion for an extension of time to serve. Altman, J. P., Goldstein, McGinity and Schmidt, JJ., concur.