■ In the Matter of ROY S. BRUNO et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF ISLIP, Respondent. [730 NYS2d 728] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip, dated April 18, 2000, which, after a hearing, denied the petitioners' application for zoning variances, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated October 16, 2000, which granted the motion of the Zoning Board of Appeals of the Town of Islip to dismiss the proceeding based on their failure to

timely serve the petition, denied their cross motion for an extension of time to effectuate service, and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners appeared before the Zoning Board of Appeals of the Town of Islip (hereinafter the ZBA) at a public hearing on March 21, 2000, pursuant to their application to obtain three variances from the zoning code with respect to their residence. One of the requested variances concerned a cellar entranceway, for which there was an outstanding code violation for an illegal apartment in the cellar of the petitioners' residence. The ZBA reserved decision pending the results of an inspection of the premises to determine whether the cellar was being used as an illegal apartment. On April 18, 2000, the ZBA issued its decision denying the petitioners' request, finding, *inter alia*, that the petitioners twice denied code enforcement inspectors access to the premises. A copy of the ZBA's decision was filed with the Islip Town Clerk on April 19, 2000.

On May 9, 2000, code enforcement inspectors made an inspection of the petitioners' residence and determined that there was no illegal apartment on the premises. The petitioners retained an attorney who forwarded a letter to the ZBA requesting a rehearing based upon the results of the May 9, 2000, inspection. The ZBA denied the request.

The petitioners commenced this CPLR article 78 proceeding seeking to review the ZBA's determination by filing a notice of petition and verified petition on May 18, 2000. The petition was served upon the Islip Town Clerk on June 16, 2000. The ZBA moved to dismiss the petition on the ground that the petitioners failed to effectuate service within the mandatory time frame set forth in CPLR 306-b. The petitioners cross-moved to extend the time to effectuate service. In their cross motion, the petitioners maintained that they delayed service because they were awaiting a response from the ZBA concerning their request for a rehearing. The Supreme Court granted the ZBA's motion to dismiss the petition and denied the petitioners' cross motion for an extension of time to effectuate service.

The petitioners had until May 19, 2000, to commence this proceeding (*see,* Town Law § 282 [aggrieved party must commence CPLR article 78 proceeding within 30 days after the filing of a decision of the zoning board of appeals in the office of the town clerk]).

CPLR 306-b states that: "[s]ervice of the summons and complaint, summons with notice, or of the third-party summons

and complaint shall be made within one hundred twenty days after their filing, provided that in an action or proceeding where the applicable statute of limitations is four months or less, service shall be made not later than fifteen days after the date on which the applicable statute of limitations expires. If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service."

Contrary to the petitioners' contention, the Supreme Court properly denied their cross motion, as the petitioners failed to demonstrate good cause or that the grant of an extension would serve the interest of justice (see, CPLR 306-b; Hafkin v North Shore Univ. Hosp., 279 AD2d 86).

The petitioners' remaining contention is without merit. Altman, J. P., Florio, Schmidt and Cozier, JJ., concur.