■ RICARDO GARCIA, Respondent, v J. POINTDUJOUR, Appellant. [739 NYS2d 275] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), entered May 30, 2001, which, upon a jury verdict, and upon an order of the same court, dated July 5, 2000, denying his motion, inter alia, to dismiss the complaint pursuant to CPLR former 306-b, is in favor of the plaintiff and against him in the principal sum of $15,500.

Ordered that the judgment is reversed, on the law, with costs, the order dated July 5, 2000, is vacated, that branch of the motion which was to dismiss the complaint pursuant to CPLR former 306-b is granted, and the complaint is dismissed.

The plaintiff sought to recover damages for personal injuries which he allegedly sustained in a motor vehicle accident. The plaintiff filed the summons and complaint on January 11, 1993, but neither served the defendant with the summons and complaint nor filed proof of service with the clerk of the court within 120 days of that date (*see,* CPLR former 306-b). Furthermore, he failed to commence a second action against the defendant.

Pursuant to the former version of CPLR 306-b, since the plaintiff failed to file proof of service within 120 days of the date of filing of the summons and complaint, and since the defendant did not appear within that time, dismissal of the com-

plaint was automatic and self-executing (*see, Maudsley-Marino v Navas,* 259 AD2d 739, 740: *Nam Jin Chung v M&S Deli,* 256 AD2d 317; *Long v Quinn,* 234 AD2d 520). "There is no express statutory authority to vacate this automatic dismissal and the plaintiff['s] only remedy was to commence a second action" (*Maudsley-Marino v Navas, supra* at 740). Therefore, as the plaintiff did not commence a second action in accordance with CPLR former 306-b, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR former 306-b (*see, Maudsley-Marino v Navas, supra* at 740).

In light of our determination, we need not reach the defendant's remaining contention. Ritter, J.P., O'Brien, Crane and Cozier, JJ., concur.