■ Alvin H. Broser, Appellant, v Lester Dworman et al., Defendants, and Robert Herskowitz, Respondent. [912 NYS2d 252]—

In an action, inter alia, to recover damages for breach of a real estate brokerage agreement and fraud, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated September 25, 2009, as denied that branch of his motion which was pursuant to CPLR 306-b to extend the time within which to serve process upon Robert Herskowitz.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a prior order dated January 30, 2008 (hereinafter the January 2008 order), the Supreme Court granted the plaintiff's motion for leave to amend the complaint to add Robert Herskowitz as a defendant (*see* CPLR 1003) in the present action, which has been pending since 2002. The January 2008 order required the plaintiff to serve Herskowitz within 45 days.

The plaintiff claims that service upon Herskowitz was made pursuant to CPLR 308 (2) on March 20, 2008, "only three (3) days beyond the forty-five (45) day period," when copies of the supplemental summons and amended complaint were supposedly delivered to a doorman in the building on West End Avenue in Manhattan where Herskowitz resided. However, in a later, unappealed order dated February 4, 2009 (hereinafter the February 2009 order), the same court (Sunshine, J.H.O.), after a hearing to determine the validity of service of process, granted Herskowitz's motion to dismiss the amended complaint insofar as asserted against him on the basis that service was improper under CPLR 308 (*see* CPLR 3211 [a] [8]). The February 2009 order was based on the Supreme Court's finding that the method of service on Herskowitz was "not proper," rather than on the plaintiff's conceded failure to comply with the 45-day time limit set forth in the January 2008 order. Since the plaintiff did not appeal from the February 2009 order, his argument that "service on defendant Herskowitz was proper" is not properly before this Court.

The plaintiff later made a motion for various relief, including to extend his time to effect service of the supplemental summons and amended complaint on Herskowitz pursuant to CPLR 306-b. The Supreme Court properly denied his motion to extend the time to serve process, as, by then, there was no longer any action pending against Herskowitz in which such relief could be granted (*see* *Sottile v Islandia Home for Adults*, 278 AD2d 482, 483 [2000]; *Dorst v Eggers Partnership*, 265 AD2d 294, 295 [1999]; *Long v Quinn*, 234 AD2d 520, 521-522 [1996]; *Mohammed v Elassal*, 226 AD2d 509, 509-510 [1996]). The plaintiff's remedy was to have sought the same relief by notice of cross motion at the time of Herskowitz's motion to dismiss (*see* *Rinaldi v Rochford*, 77 AD3d 720 [2010]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.

Motion by the respondent Robert Herskowitz to dismiss, in part, an appeal from stated portions of an order of the Supreme

Court, Kings County, dated September 25, 2009. By decision and order on motion of this Court dated July 16, 2010, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is denied, as unnecessary, as the appeal is unambiguously limited by the notice of appeal and no appeal was taken from the portion of the September 25, 2009, order which denied that branch of the plaintiff's motion which was for leave to reargue. Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.