■ In the Matter of BIRCH TREE PARTNERS, LLC, Appellant, v ZONING BOARD OF APPEALS OF TOWN OF EAST HAMPTON et al., Respondents. [934 NYS2d 324]—

In a determination dated June 8, 2010, and stamped "received" June 9, 2010, the Zoning Board of Appeals of the Town of East Hampton (hereinafter the ZBA) granted the application of Vinayak Singh for an area variance. Under Town Law § 282, the petitioner, Singh's neighbor, had 30 days, until July 9, 2010,

to commence a proceeding pursuant to CPLR article 78 to review the ZBA's determination. The petitioner commenced this CPLR article 78 proceeding to review the ZBA's determination by filing a notice of petition and verified petition with the Suffolk County Clerk on July 9, 2010.

Upon the petitioner's timely commencement of the proceeding within 30 days as required under Town Law § 282, it was also required to serve the petition and notice of petition not later than 15 days after the date on which the applicable statute of limitations expired, i.e., not later than 15 days after July 9, 2010 (see CPLR 306-b). Fifteen days after July 9, 2010, was July 24, 2010. However, since July 24, 2010, was a Saturday, the 15-day time period of CPLR 306-b was extended in this proceeding to Monday, July 26, 2010 (see General Construction Law § 25-a [1]).

Singh and the ZBA separately moved pursuant to CPLR 3211 (a) (8) and 7804 (f) to dismiss the petition insofar as asserted against each of them, contending that they were not served within the time provided by CPLR 306-b. In an order and judgment, the Supreme Court granted their motions and dismissed the proceeding. Since the record reveals that Singh and the ZBA were not timely served with the notice of petition and petition, the Supreme Court properly granted their separate motions to dismiss the petition insofar as asserted against each of them, and properly dismissed the proceeding on that basis (see CPLR 306-b; Matter of Bruno v Zoning Bd. of Appeals of Town of Islip, 286 AD2d 765 [2001]). Accordingly, the order and judgment must be affirmed.

In the order and judgment, the Supreme Court also noted that, despite the petitioner's contention that it served and filed a cross motion pursuant to CPLR 306-b for leave to extend its time to serve the notice of petition and petition upon the ZBA and Singh, "no such cross motion appear[ed] in the court's electronic filing system as of this date." In a subsequent order, the Supreme Court denied, as untimely, the petitioner's separate motion pursuant to CPLR 306-b to extend the time to serve the notice of petition and petition. We affirm that order. The petitioner's papers did not constitute a proper cross motion since the purported cross motion was returnable on a date subsequent to the date on which the motions were returnable, and the papers were not properly served within the time required for the service of a cross motion (see CPLR 2215). Moreover, since the proceeding had been dismissed pursuant to an order and judgment prior to the time that the Supreme Court considered the separate motion, there was no longer a proceed-

ing pending in which relief could be granted (*see Broser v Dworman*, 78 AD3d 979 [2010]; *Sottile v Islandia Home for Adults*, 278 AD2d 482 [2000]).

The petitioner's remaining contention is without merit.

Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.