OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the appeals are consolidated for purposes of disposition; and it is further, *94 ordered that so much of appeal No. 2014-1061 S C as is from the warrant of arrest and commitment is dismissed, as no appeal lies therefrom (see UDCA 1702; Holubar v Holubar, 2011 NY Slip Op 66140[U] [App Div, 2d Dept 2011]); and it is further, ordered that the order dated February 3, 2014 and the judgment entered May 30, 2014 are reversed, without costs, and the petition is dismissed.
Appellant Bruce Engel acquired title to premises zoned for single-family use, at 8 Judith Drive, Greenlawn, New York, in 2004. Title to the premises was subsequently transferred to Breen 1, LLC, and later to Jureli, LLC, both of which were limited liability corporations that were incorporated outside the State of New York, and in which Engel had an interest.
Breen was convicted of operating illegal apartments on the premises (People v Breen 1, LLC, Suffolk Dist Ct, index No. HUTO 806-09). On December 15, 2010, in an initial sentence of conditional discharge, the District Court of Suffolk County assessed fines against Breen and directed Breen to bring the premises into compliance with the zoning code for the Town of Huntington. While Breen’s appeal from the initial sentence of conditional discharge was pending, Breen was dissolved.
On August 15, 2012, following a hearing, in a supplemental sentence of conditional discharge, the District Court determined that Breen had failed to comply with the order that had imposed the initial sentence of conditional discharge. It ordered Breen to restore the premises to a single-family residence and to bring the premises into compliance with all applicable municipal zoning and housing laws, and, in addition, appointed petitioner herein as receiver of the rents, issues and profits of the premises, pursuant to UDCA 203 (a) (9); (b) and (c). Petitioner was authorized to demand rent from the tenants and occupants of the premises and to commence eviction or dispossess proceedings “for all occupants to the extent rent is not timely tendered” to petitioner, as receiver, or upon the expiration or termination of any lease or license agreements. Petitioner was also “authorized and directed, after August 25, 2012,” to bring the premises into compliance with the Town of Huntington zoning and housing codes. On August 23, 2012, petitioner served a notice of attornment, by mail, on the unnamed occupants of the premises, in which she informed the occupants of her appointment as receiver and advised them *95 that all rent should thereafter be paid to her. On October 16 and 17, 2012, three-day notices to tenants, demanding payment of rent, were served on unnamed persons, described by the process server as tenants, at the premises; the personal service was followed by mailings on October 18, 2012.
Between August 31, 2012 and June 1, 2013, tenant Susan Willetts made rental payments that totalled $12,989 to BE4, LLC. The checks were endorsed by respondent Engel “for BE4.”
On November 26, 2013, petitioner commenced this proceeding against BE4, Engel and Jureli (collectively respondents) by verified petition and order to show cause, seeking to hold respondents in civil contempt for their alleged violation of the August 15, 2012 order that had imposed the supplemental sentence of conditional discharge. In the petition, petitioner states, on information and belief, that, by demanding rental payments from tenants of the premises and by accepting rent from Susan Willetts between August 2012 and June 1, 2013, respondents violated the August 15, 2012 supplemental sentence of conditional discharge and prevented petitioner from discharging her duties as set forth in the order that imposed the supplemental sentence of conditional discharge. As a second cause of action, petitioner alleges that, by their failure to restore the premises to a single-family residence, respondents failed to comply with the supplemental sentence of conditional discharge and, in addition, that respondents’ continued collection of rent and their failure to bring the premises into compliance with local zoning and housing laws impeded and prejudiced petitioner’s rights and remedies. In a third cause of action, petitioner alleges that, by their actions in ignoring the requirements of the order that had imposed the supplemental sentence of conditional discharge, respondents compelled petitioner to engage legal counsel.
Respondents submitted an attorney’s affirmation in opposition to the petition.
On the papers presented, and without an evidentiary hearing, the District Court, in an order dated February 3, 2014, found respondents in civil contempt of court. Engel was found to be in contempt both individually and as an officer of the corporate respondents. The District Court, among other things, assessed a fine in the principal sum of $12,989 against respondents, jointly and severally, and directed them to cure their contempt by paying that sum to petitioner and by transferring the premises back to Breen by February 28, 2014, failing which *96 petitioner was authorized to enter judgment against respondents and to submit a warrant of arrest and commitment for a six-month period for Engel. It also authorized petitioner’s attorneys, SilvermanAcampora, LLP, to submit a proposed judgment for the fees it had incurred both in bringing the petition to hold respondents in contempt, and for the fees and expenses incurred “in defending any unauthorized litigation commenced by Jureli or the other respondents against the Receiver.”
SilvermanAcampora, LLP thereupon submitted its bills to the court. On May 29, 2014, the District Court issued a warrant of arrest and commitment, commanding the Sheriff of Suffolk County to arrest Engel and to commit him for a six-month period, but providing that Engel could purge his civil contempt by paying the $12,989 fine and the attorney’s fees to petitioner, and by transferring the premises to Breen. On May 30, 2014, the District Court entered judgment in favor of SilvermanAcampora, LLP, as attorneys for petitioner, and against respondents, jointly and severally, in the sum of $55,150.59.
The power to punish for civil contempt derives from, and the petition herein was brought pursuant to, Judiciary Law § 753, which permits a court to punish a neglect or violation of duty or other misconduct by which a right or remedy of a party to a pending civil action or special proceeding may be defeated, impaired, impeded, or prejudiced. The intention of Judiciary Law § 753 is to compensate an injured private party for the loss of or interference with the benefits of a lawful court mandate (see McCain v Dinkins, 84 NY2d 216, 226 [1994]; Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). In our opinion, this statute was incorrectly invoked to punish respondents for having allegedly violated a sentence of a conditional discharge in a criminal case, rather than in a pending civil action or special proceeding.
Since there was no basis for granting the petition to hold respondents in civil contempt, we further conclude that the District Court erred in granting that branch of petitioner’s motion which was for an award of counsel fees (see Wood v Wood, 134 AD3d 1028 [2015]). Similarly, the judgment, which is premised on the faulty contempt determination, cannot stand.
We note that, as a warrant of arrest and commitment issues pursuant to a final order directing punishment for contempt (see Judiciary Law § 770), the warrant issued herein is, as a result of the reversal of the order, no longer in effect.
We reach no other issue.
*97 Accordingly, the order and the judgment are reversed and the petition is dismissed.
Maraño, P.J., and Garguilo, J., concur.