Schaefer v BE4, LLC (2022 NY Slip Op 51354(U))

[*1]

Schaefer v BE4, LLC

2022 NY Slip Op 51354(U) [77 Misc 3d 137(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH
H. EMERSON, JJ

2019-1010 S C

Randy J. Schaefer, Esq., as Receiver
of Rents and Profits of Real Properties, Known as and Located at 8 Judith Driver,
Greenlawn, New York, Respondent, 
against
BE4, LLC, Bruce Engel and Jureli, LLC, Appellants, Judith
N. Berger and The Coalition of Landlords, Homeowners and Merchants, Inc.,
Nonparty-Appellants. 

Judith N. Berger, for appellants and nonparty-appellants.
Randy Schaefer, for respondent.

Appeal from two orders of the District Court of Suffolk County, Third District (C.
Stephen Hackeling, J.), both dated May 1, 2019. The first order, insofar as appealed from
as limited by the brief: (1) denied the branch of a motion by BE4, LLC, Bruce Engel, and
Jureli, LLC (collectively respondents) seeking to direct petitioner to pay the sum of
$31,710.45 to Bruce Engel, as managing agent of BE4, LLC and Jureli, LLC; and (2)
awarded costs in the sum of $2,250 against respondents and against nonparty "Judith
Berger, Esq. as an attorney employed by the Coalition of Landlords, Homeowners and
Merchants, Inc.," payable to petitioner, and sanctions in the sum of $250, also against
respondents and that nonparty, payable to the New York State Lawyers Fund for Client
Protection. The second order, characterized as an "addendum decision," denied
respondents' request for recusal, set forth in, among other things, reply papers on their
motion.

ORDERED that so much of the appeal as is from the second May 1, 2019 order,
characterized as an "addendum decision," is dismissed on the ground that no appeal lies
as of right from an order that does not decide a motion made upon notice (see
UDCA 1702 [a] [2]; [*2]CPLR 2211; Sholes v
Meagher, 100 NY2d 333 [2003]), and leave to appeal has not been granted; and it is
further,
ORDERED that so much of the appeal from the first May 1, 2019 order as is by
nonparty The Coalition of Landlords, Homeowners and Merchants, Inc. is dismissed, as
The Coalition of Landlords, Homeowners and Merchants, Inc. is not aggrieved by the
first May 1, 2019 order; and it is further,
ORDERED that the first May 1, 2019 order, insofar as appealed from, is reversed,
without costs, the branch of respondents' motion seeking to direct petitioner to pay the
sum of $31,710.45 to Bruce Engel, as managing agent of BE4, LLC and Jureli, LLC is
dismissed, and the award of costs in the sum of $2,250 and sanctions in the sum of $250
is vacated. 
Petitioner was appointed, in a prior criminal case, as the receiver of rents for
premises at 8 Judith Drive, Greenlawn, New York. She commenced this proceeding, as
receiver of rents, to hold BE4, LLC, Bruce Engel and Jureli, LLC (collectively
respondents) in civil contempt pursuant to Judiciary Law § 753. By decision and
order dated April 25, 2016 (Schaefer v BE4, LLC, 51 Misc 3d 92 [App Term, 2d Dept,
9th & 10th Jud Dists 2016]), this court dismissed the petition. 
In 2019, respondents moved in the District Court to "resettle" this court's April 25,
2016 decision and order dismissing the civil contempt petition. In effect, respondents
sought the release by the court of $9,000 which had been paid into court in order to
obtain a stay in the prior appeal, and reimbursement from petitioner of $31,710.45 which
had been included in the real property tax bills on the premises for 2014 and 2015, and
paid by respondent BE4, LLC to the Receiver of Taxes for the Town of Huntington to
cover the sums the Town had paid to petitioner in connection with her work as receiver.

In an order dated April 5, 2019, the District Court (C. Stephen Hackeling, J.), on its
own motion, ordered respondents, their attorney, nonparty Judith N. Berger, Esq., and
nonparty The Coalition of Landlords, Homeowners and Merchants to show cause why
they should not be sanctioned and why fees should not be assessed against them. By
order dated May 1, 2019 (the first May 1, 2019 order), the District Court (C. Stephen
Hackeling, J.) granted the branch of respondents' motion seeking the remittance of
$9,000 held by the District Court of Suffolk County, denied the branch of respondents'
motion seeking the recovery of $31,710.45, and awarded monetary sanctions against
respondents and against nonparty "Judith Berger, Esq. as an attorney employed by the
Coalition of Landlords, Homeowners and Merchants, Inc." In a separate order,
characterized as an "addendum decision," dated May 1, 2019 (the second May 1, 2019
order), the court denied respondents' request for recusal that they had made in reply
papers on their motion, but invited respondents to make a formal motion seeking that
relief.
Respondents, nonparty attorney Berger, and nonparty The Coalition of Landlords,
Homeowners and Merchants, Inc. appeal, as limited by their brief, from so much of the
first May 1, 2019 order as denied the branch of respondents' motion seeking the recovery
of $31,710.45, and awarded costs and sanctions pursuant to the Rules of the Chief
Administrator of the Courts (22 NYCRR) § 130-1.2. They also appeal the second
May 1, 2019 order, characterized as an "addendum decision."
So much of the appeal as is from the second May 1, 2019 order characterized as an
"addendum decision" is dismissed as the paper is not appealable as of right because it did
not [*3]decide a motion made upon notice (see
UDCA 1702 [a] [2]; Rene v
Abrams, 193 AD3d 1001 [2021]; Reyes v Eleftheria Rest. Corp., 162 AD3d 808 [2018];
see also Sholes v Meagher, 100 NY2d 333, 335 [2003]), and we decline to grant
leave to appeal. So much of the appeal from the first May 1, 2019 as is by The Coalition
of Landlords, Homeowners and Merchants, Inc., which entity is not a party to this
litigation and was not sanctioned by the District Court in the first May 1, 2019 order
deciding respondents' motion, is dismissed as it is not aggrieved by that order (see
CPLR 5511). 
Since this court's dismissal of the petition in 2016 finally terminated this proceeding,
there was no longer a proceeding pending before the District Court when respondents
made their motion. Consequently, the District Court lacked jurisdiction to entertain the
branch of respondents' motion seeking the recovery of $31,710.45 (see Matter of Birch Tree Partners,
LLC v Zoning Bd. of Appeals of Town of E. Hampton, 90 AD3d 749 [2011];
Sottile v Islandia Home for Adults, 278 AD2d 482 [2000]; Matter of Sweet v
Sanella, 46 AD2d 688 [1974]) and, thus, that branch of the motion should have been
dismissed rather than denied on the merits.
The District Court awarded costs and sanctions against respondents and attorney
Berger pursuant to the Rules of the Chief Administrator of the Courts (22 NYCRR)
§ 130-1.1 (a). That rule empowers a court to award costs or sanctions or both "only
upon a written decision setting forth the conduct on which the award or imposition is
based, the reasons why the court found the conduct to be frivolous, and the reasons why
the court found the amount awarded or imposed to be appropriate." Here, the court's
stated reasons are based upon the merits of the branch of the motion seeking the recovery
of $31,710.45, which branch the court should have dismissed, rather than deciding it on
the merits. Thus, so much of the May 1, 2019 order as awarded costs and sanctions
against respondents and against nonparty "Judith Berger, Esq. as an attorney employed
by the Coalition of Landlords, Homeowners and Merchants, Inc." based upon purported
frivolous merits cannot be sustained.
Accordingly, the first May 1, 2019 order, insofar as appealed from, is reversed, and
the branch of respondents' motion seeking to direct petitioner to pay the sum of
$31,710.45 to Bruce Engel, as managing agent of BE4, LLC and Jureli, LLC is
dismissed, and the award of costs in the sum of $2,250 and sanctions in the sum of $250
is vacated.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22,
2022